## PHILLIPS *v.* BOWEN.

HAWKINS, Justice. This was an action brought by one of two parties to a partnership agreement against the other for injunction, an accounting, and a receivership; and by amendment the plaintiff sought a dissolution of the partnership, a sale of the assets, and a distribution thereof between the partners upon the basis provided for under the partnership agreement, and also a judgment in favor of the plaintiff against the defendant's share of the proceeds for fifteen hundred dollars, representing the purchase-price of a one-half interest in the fixtures and equipment which were sold by the defendant to the plaintiff at the time of the formation of the partnership, and upon which the plaintiff alleged there was a lien, contrary to the representations of the defendant that the fixtures and equipment were free from liens, and by reason of which the fixtures and equipment were repossessed to the loss and injury of the plaintiff in that amount. Upon the presentation of the petition the defendant was restrained, as prayed, and the plaintiff was appointed as receiver with authority to operate the business and make monthly reports to the court as to the results of the operation thereof, which was done. No question is raised as to the correctness of the reports and accounting thus made by the plaintiff receiver. The bill of exceptions recites that the trial of the case before a jury resulted in a verdict in favor of the plaintiff. The defendant duly filed his motion for a new trial based on the general grounds only, and to the judgment overruling the same he excepts. *Held:*

1. There was some evidence to support the verdict, which has the approval of the trial judge, and the judgment overruling the motion for a new trial based on the general grounds only will not be disturbed. *Gilbert* v. *State,* 198 *Ga.* 220 (31 S. E. 2d, 405); *Clements* v. *Clements,* 197 *Ga.* 820 (2) (30 S. E. 2d, 615); *Lanier* v. *Lanier,* 194 *Ga.* 799 (3) (22 S. E. 2d, 651).

2. The partnership agreement here involved provided for the continuance of the partnership for one year, unless discontinued by agreement of the

parties. The plaintiff's action was instituted before the expiration of one year. There was no exception to the granting of a restraining order and the appointment of a receiver, nor any demurrer to the amendment of the plaintiff seeking a dissolution of the partnership. Properly construed, this was a proceeding under the provisions of the Code, § 75-107, and § 75-106, providing for the dissolution of a partnership at will upon the giving of three months' notice, has no application to the present case.

*Judgment affirmed. All the Justices concur.*

No. 16680. June 15, 1949.

B. H. *Memory*, Gloria Ann *Clark*, for plaintiff in error.
W. B. *Mitchell*, contra.