PHILLIPS *v.* BOWEN.

No. 16875. NOVEMBER 15, 1949. REHEARING DENIED DECEMBER 1, 1949.

*B. H. Manry* and *Gloria Ann Clark*, for plaintiff in error.
*W. B. Mitchell*, contra.

ALMAND, Justice. In an action for injunction, accounting, receivership, and dissolution of a partnership, instituted by Howard C. Bowen against Morgan Phillips, a verdict and judgment were rendered in favor of Bowen. The motion for new trial of Phillips was overruled, and on exceptions this court affirmed the order denying a new trial. *Phillips* v. *Bowen*, 205 *Ga.* 440 (54 S. E. 2d, 141). A fuller statement of the facts may be found in that decision. After the judgment of affirmance of this court, Phillips filed a motion to modify in two particulars the judgment previously rendered. First, he sought to have the court amend the judgment by providing that—upon Phillips paying the amount fixed in the judgment, and the court directing Bowen to pay to a third party $300, representing the amount due on a note that Bowen had executed to Phillips, and Phillips had transferred to such third party—then the receiver be directed to pay to Phillips all the proceeds from sale of the partnership assets. And second, Phillips sought to amend the judgment so as to charge against Bowen, who was the receiver of the partnership assets, certain items of expense of receivership which

he, Phillips, contended should be charged solely against the interest of Bowen. The court struck all allegations of the motion that sought to amend the judgment by Phillips paying Bowen $1500 and Bowen in turn paying the third party $300, and left in the motion the matter of crediting expenses of receivership. Phillips, by exceptions pendente lite, assigned error on the order striking his motion in regard to amending the judgment, in the respects first stated.

Under order of the court, of which no complaint was made, the receiver sold all the assets of the partnership and made his report to the court. Phillips thereupon filed objections to the report, complaining that certain items of expense should be charged solely against the interest of Bowen. The receiver, in an amendment to the report, charged to Bowen's account several items that Phillips claimed should be so charged. After a hearing, the court entered a final decree distributing the proceeds, and adjudging that Phillips was entitled to $659.32, and that the same be credited against the judgment of Bowen against Phillips for $1500. Phillips assigned error on this final decree, and on the exceptions pendente lite.

■ "In respect to amendment of judgments, the general rule is, that after the expiration of the term at which the judgment was rendered it is out of the power of the court to amend it in any matter affecting the merits. This is especially true of any attempt to amend a judgment on the merits, based on events and facts subsequently transpiring. A judgment bears upon the matters in issue at the time of its rendition, and from the nature of things can not be amended so as to conform to facts not adjudicated at the time." *Richards* v. *McHan*, 139 *Ga*. 37, 39 (76 S. E. 382). See also *Bank of Tupelo* v. *Collier*, 192 *Ga*. 409 (1) (15 S. E. 2d, 499). The judgment in this case followed the verdict, and the verdict was in conformity to the issues made by the pleadings. The defendant, therefore, at a term subsequent to the one at which the judgment was entered, had no right, nor had the court any power, to amend the judgment, where the matters sought by amendment concerned things that occurred subsequently to the judgment, or matters that could have been determined on the trial. The court therefore did not err in refusing to modify the judgment as prayed by Phillips.

The trial court, before entering a final decree providing for the distribution of the assets of the partnership by virtue of a sale by the receiver, had a hearing on the objections of Phillips to the final report; the main objection being that the court erred in approving that part of the receiver's report as to the respective value of each partner's interest in the partnership assets, upon which the ratio of final distribution was based.

A review of the evidence before the trial judge does not show that he committed any error in approving the final report of the receiver and in entering a final decree as to the distribution of the partnership assets, which distribution was in accordance with the verdict and judgment previously rendered.

*Judgment affirmed. All the Justices concur.*