27294.   HAMES v. SHAVER et al.

SUBMITTED JULY 10, 1972—DECIDED SEPTEMBER 7, 1972.

*Frank M. Gleason,* for appellant.

*Burton L. Brown, Fletcher & Watson, Dennis D. Watson,* for appellees.

NICHOLS, Justice. 1. The first enumeration of error complains of the exclusion from evidence of a check payable to Fred Hames from Lee Hames dated shortly after the date of the deed to secure debt. Such check contained no notation as to the obligation it was in payment of, but was endorsed by Fred Hames, and showed that it had been paid by the bank on which it was drawn. The check did not show the purpose for which it was given, and under the decision in *Myers v. Warrenfells,* 153 Ga. 648 (113 SE 180), it was not error to exclude it from the evidence.

2. The fifth enumeration of error complains of the rejection of testimony that the plaintiff (Shaver) offered to sell the property of the defendant (Mrs. Amy O. Hames) while he was her guardian if the proposed purchaser would pay him one or two thousand dollars "under the table." Such testimony was admitted as to the plaintiff (Shaver) but rejected as to the third-party defendant (Mrs. Myrtle Ruth Hames).

The conversation, according to the testimony adduced on the trial, took place after the transfer of the property from Fred Hames to Shaver and of necessity after any alleged conspiracy between Fred Hames and Shaver had come to an end. Thus, under the provisions of *Code* § 38-306, which are applicable in civil as well as criminal cases (*Almand v. Thomas,* 148 Ga. 369 (7) (96 SE 962)), the conspiracy had come to an end before the declaration was made and was properly excluded as to the executrix of Fred Hames.

3. Enumerations of error numbered 6 through 9 complain of excerpts from the charge dealing with presumptions and burden of proof. These excerpts, when considered in context with the whole charge, show no reversible error.

4. Enumeration of error numbered 10 complains of an excerpt from the charge dealing with the responsibility of a person receiving a letter to answer within a reasonable time when good faith requires an answer.

A copy of a letter addressed to Mrs. Amy O. Hames was admitted in evidence without objection and there was no question as to her having received it. The charge given was not error. See *Code* § 38-120.

5. The eleventh enumeration of error complains of an excerpt from the charge relating to res adjudicata. The objection made at the trial was: "Now, we except to the instructions of the court given to the jury regarding the doctrine of res adjudicata, for the reason that there were different parties before the court now than there were then, there are different issues, and the litigation in the other court has to do strictly with the proposition of law, and the dismissal of the action left the parties exactly as they were before, with respect to payment." The prior litigation was between Mrs. Amy O. Hames and Fred Hames. The present litigation, insofar as the third-party complaint is concerned, is between Mrs. Amy O. Hames and the representative of Fred Hames' estate. The issue, as to whether the debt had been paid, was or could have been involved in both cases. Certainly the right of Fred Hames under the deed to secure debt was involved in both cases. If Fred Hames was entitled to the right to foreclosure, the foreclosure and sale would not of and in itself constitute a conspiracy. If a conspiracy was not involved, res adjudicata would apply. If a conspiracy was involved, if Harold Shaver and Fred Hames were involved in attempting to defraud Mrs. Amy O. Hames of her property, then the doctrine of res adjudicata would not preclude recovery and the charge given, being authorized by the evidence, was not error. Such charge was merely upon the principle of res adjudicata and not that res adjudicata did apply.

6. The remaining enumerations all present the same question, to wit: Was the verdict and judgment authorized by the evidence? While the evidence disclosed an opportu-

nity on the part of Harold Shaver and Fred Hames to perpetrate the alleged fraud, and the evidence without question raised a suspicion that such was the case, a verdict for Mrs. Amy O. Hames was not demanded and it cannot be said that the verdict returned was contrary to law and without evidence to support it.

The judgment of the trial court decreeing the sale of the land, rather than ordering a division in kind, was not error where there was testimony which would authorize a finding that the land could not be equitably divided without depreciating the value of the entire tract. *Code* § 85-1511.

*Judgment affirmed. All the Justices concur.*