## 34040. BAKER v. BAKER.

HALL, Justice.

Appellant John Baker and appellee Lynn Baker purchased a house and lot as tenants in common in 1973. In 1978, John Baker brought a suit requesting equitable partition of the property. In a separate action, Lynn Baker sued for divorce and alimony, based on the parties' alleged common law marriage. The cases were consolidated for trial and were submitted to the jury for a special verdict. The jury found that the parties were not married and that each owned fifty percent of the property. The trial judge ordered the property sold, and the proceeds divided equally between the parties. John Baker argues in this appeal that he has been denied an equitable accounting. We agree and reverse.

The claim for equitable partition and sale was properly allowed in this case because division of the property would destroy its value. Code Ann. § 85-1511; *Hames v. Shaver,* 229 Ga. 412 (191 SE2d 861) (1972). The trial court ordered the proceeds divided equally between John Baker and Lynn Baker following sale of the property and satisfaction of all liens. Each party is, however, entitled to have his accounts and claims adjusted by the court after sale and before distribution of the proceeds. *Taylor v. Sharpe,* 221 Ga. 282 (144 SE2d 390) (1965). In making the accounting, the court should consider expenditures of either party for improvements to the

property, taxes or other expenses, and income received by either party from rental of the property. *Taylor v. Sharpe,* supra; *Borum v. Deese,* 196 Ga. 292 (26 SE2d 538) (1943).

*Judgment reversed. All the Justices concur.*

SUBMITTED SEPTEMBER 15, 1978 — DECIDED NOVEMBER 7, 1978.

*Loggins, Murray & Lovell, Fay R. Loggins,* for appellant.

*Strother, Hicks & Wallace, Glenn H. Strother,* for appellee.