S91A1392. RHODES v. HOKE.
(412 SE2d 825)

CLARKE, Chief Justice.

Elliott Rhodes and James Hoke were partners in a business venture. When the business relationship went awry, Rhodes filed an action for equitable division of the business and a piece of property owned by the business. A jury found that Rhodes and Hoke each owned 50 percent of the business. The trial court entered a judgment stating that each party owned an undivided one-half interest in the business and the property. No appeal was taken from that judgment. Two months after the jury verdict, Rhodes filed a motion asking the court to appoint a receiver to protect his interest in the business until it could be sold. The trial court appointed a receiver. Almost ten months later, the receiver held a hearing, reviewed each party's re-

ceipts, and calculated each party's contribution to the business. The receiver recommended that Rhodes and Hoke share equally in the income and expenses of the business and that the property be sold for $80,000. The receiver further recommended that Hoke receive 80 percent of the proceeds of the sale of the property and Rhodes receive 20 percent. The trial court adopted the receiver's recommendations.

1. Appellant Rhodes contends that the trial court erred in adopting the recommendation of the receiver. We concur. The jury verdict had been rendered and was binding. *Phillips v. Bowen*, 206 Ga. 268 (56 SE2d 503) (1949). The receiver was empowered only to maintain the property and to carry out the jury verdict. While a receiver may make adjustments for each party's property-related income and expenses occurring between the date of the verdict and the date of the distribution, the receiver does not have the power to alter the jury verdict. *Baker v. Baker*, 242 Ga. 525 (250 SE2d 436) (1978). If either party did not agree with the jury's determination of his proportionate interest, that party should have brought an appeal from the jury verdict.

Appellee argues that the jury's verdict did not determine the financial investments of each party or the percent that each party should receive from the sale of assets. Our review of the record reveals that the these issues were necessarily submitted to the jury. The verdict specified that each party owned one-half of the business and property. Our review of the record reveals that the receiver's recommendation effectuate that verdict.

2. We find no merit in appellant's contention that the receiver lacked authority to recommend that the property be sold for $80,000.

*Judgment reversed. Weltner, P. J., Bell, Hunt, Benham and Fletcher, JJ., concur.*

DECIDED JANUARY 9, 1992 —
RECONSIDERATION DENIED FEBRUARY 27, 1992.

*Jenkins, Nelson & Welch, Denise M. Welch,* for appellant.
*Wendell K. Willard, Chandler R. Bridges, Abraham A. Sharony,* for appellee.