31031, 31032. GUHL v. WILLIAMS et al.; and vice versa.

GUNTER, Justice.

These appeals result from a dispute between the Chairman of the Board of Commissioners of DeKalb County on one side and a majority of the members of that board on the other. The dispute had its inception when the majority wanted to enact two ordinances which, when enacted pursuant to the County Home Rule Amendment (Code Ann. Ch. 2-84), would repeal two provisions of a Local Act applicable only to DeKalb County, Ga. L. 1956, p. 3237. The net result of the two proposed ordinances would diminish the power of the Chairman, as provided for in the 1956 Local Act, and increase the power of a majority of the Board of Commissioners with respect to

the employment and discharge of non-merit system employees of the county. The basic issue between the contesting parties was one of law: whether the proposed Home Rule ordinances could repeal provisions of the 1956 Local Act that had been enacted by the General Assembly.

The parties agreed to resolve their dispute in the courts, and the county attorney was authorized and instructed to institute an action for declaratory judgment to resolve the legal issue.

The declaratory judgment action was filed by the chairman, and it contended that the two proposed ordinances would not repeal the specified provisions of the Local Act. The majority of the members of the board filed responsive pleadings which sought a declaration that the proposed ordinances, enacted in conformity with the Home Rule County Amendment, would repeal and supersede the provisions contained in the 1956 Local Act.

The contesting parties stipulated the issues of law to be determined by the trial judge, and he rendered a judgment that upheld the legal position asserted by a majority of the members of the board. He ruled that one of the ordinances had been enacted, he ordered the other placed on the agenda of the board for enactment, he ruled that the enacted ordinances would supersede the specified provisions of the 1956 Local Act, and he further ordered that reasonable expenses of litigation incurred by both of the contesting sides be paid by the county.

The main appeal from that judgment is by the chairman, and the cross appeal from that judgment is by the majority of the members of the board.

Code Ann. § 2-8402 (a) provides that a Local Act applicable to a county shall remain in force and effect until amended or repealed as provided for in Code Ann. § 2-8402 (b).

Code Ann. § 2-8402 (b) provides two methods for amending or repealing a Local Act, but it also provides that those two procedures cannot be used to effect the purposes set forth and proscribed in Code Ann. § 2-8402 (c).

For the purposes of these appeals, Code Ann. § 2-8402 (c) says that a "home rule ordinance" cannot be passed

"affecting any elective county office, the salaries thereof, or the personnel thereof, except the personnel subject to the jurisdiction of the county governing authority"; and a "home rule ordinance" cannot be passed "affecting the composition, form, procedure for election or appointment, compensation, and expenses and allowances in the nature of compensation, of the county governing authority."

We conclude that the trial judge was correct in his rulings. Employees of the county are "personnel subject to the jurisdiction of the county governing authority," and action affecting them in the form of a "home rule ordinance" is constitutionally permissible. Therefore, the two ordinances involved in these appeals could be enacted as proposed, and they would supersede the specified provisions of the 1956 Local Act.

Furthermore, we also conclude that the enactment of these two ordinances in the manner proposed would not bring about a change in the "form" of the government of DeKalb County as the word "form" is used in Code Ann. § 2-8402 (c) 2. The chairman's contention is that the proposed ordinances would drastically alter the form of government in DeKalb County. This contention has no merit.

The remaining issue relates to the court's judgment that authorized and directed the payment of reasonable expenses of litigation by the county. In the context in which the issues in this litigation arose and were presented to the trial court for determination by the contesting parties, we conclude that the trial court's decision on this issue was correct.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 19, 1976 — DECIDED SEPTEMBER 9, 1976 — REHEARING DENIED SEPTEMBER 28, 1976 IN CASE NO. 31031.

*Mackay & Elliott, James A. Mackay, David L. G. King, Jr., Harvey, Willard & Elliott, Wendell K. Willard,* for Guhl.

*Dillard, Dillard & Shearer, George P. Dillard,* for Williams et al.