71035, 71140. MALOOF v. WILLIAMS et al.; and vice versa.
(334 SE2d 16)

BANKE, Chief Judge.

Acting in his official and representative capacity as chief executive officer of DeKalb County, Manuel J. Maloof filed this action against the seven members of the DeKalb County Board of Commissioners, in their official and representative capacities, seeking a declaratory judgment setting forth the respective rights and powers of the parties in making appointments to the county board of tax assessors and the board of directors of the Metropolitan Atlanta Rapid Transit Authority (MARTA). The trial court ruled that the appointments in question were to be made by a majority of the seven commissioners and the chief executive officer voting together as a single body. Chief Executive Officer Maloof appealed, and the commissioners filed a cross-appeal contending that the chief executive should have no vote at all in the matter. *Held:*

Membership on the DeKalb County Board of Tax Assessors is governed by OCGA § 48-5-290 (b) (1), which provides, in pertinent part, that "each county board of tax assessors shall consist of three members to be appointed by the county governing authority." The

appointment of the DeKalb County representatives to the MARTA board is governed by § 6 (a) of the Metropolitan Atlanta Rapid Transit Act of 1965, as amended, which provides that such members shall be appointed "by the local governing body." Ga. L. 1965, pp. 2243, 2248; Ga. L. 1985, p. 3609. The parties agree that, insofar as these two statutes are concerned, the term "local governing authority" is synonymous with the term "local governing body."

In 1981, the General Assembly enacted legislation totally reorganizing the government of DeKalb County, to take effect on January 1, 1985. Ga. L. 1981, pp. 4304-4331. Section (1) (13) of that Act, which sets forth the powers and duties of the chief executive generally, provides, in pertinent part, as follows: "(d) . . . The appointment, removal and compensation of persons filling offices and positions created by state statutes, *when not otherwise prescribed by such statutes*, shall be made and fixed by the chief executive within budgetary limitations." (Emphasis supplied.) Appellant Maloof contends that this statute gives him the exclusive right to make the appointments in question; however, since both the statute governing appointments to the board of tax assessors and the statute governing the appointment of the DeKalb representatives to the MARTA board specify that such appointments shall be made by the county's governing authority (or governing body), we hold that the manner of making the appointment is "otherwise prescribed by such statutes" and that Section (1) (13) (d) of the Reorganization Act is therefore inapplicable.

The governing authority of DeKalb County is defined by § (1) (1) of the Reorganization Act, as follows: "Governing Authority . . . (b) The Board of Commissioners of DeKalb County, hereinafter referred to as the 'Commission,' and the Chief Executive Officer of DeKalb County, hereinafter referred to as the 'Chief Executive' shall constitute the governing authority of DeKalb County, and the respective powers and duties of the Commission and the Chief Executive shall be as provided in this Act." Ga. L. 1981, p. 4305. Construing this statutory provision together with OCGA § 48-5-290 (b) and the MARTA Act, Ga. L. 1985, p. 3609, supra, we are led inescapably to the conclusion that the appointments in question must be made by joint action of the commissioners and the chief executive; and to this extent we are in agreement with the ruling of the trial court. However, we cannot agree with the trial court's conclusion that the vote of the chief executive in making such appointments is equivalent to that of a member of the board of commissioners, which would have the effect of making the chief executive merely an eighth member of the board for such purposes. Rather, we believe it is the intent of the Reorganization Act that the "governing authority" of DeKalb County shall be exercised by the joint action of the commission and the chief execu-

tive, *acting as separate governmental units*. Thus, we hold that the appointments at issue in this case are to be made not by a majority of the chief executive and the commissioners voting together as a single body but by joint agreement between the chief executive on the one hand and the board of commissioners on the other. This interpretation is consistent with § (1) (9) (17) of the Reorganization Act, which authorizes the commission "[t]o exercise, together with the chief executive officer, all powers now or hereafter vested in county governing authorities by the Constitution and general laws of this state." Ga. L. 1981, p. 4312. We find nothing in the Supreme Court's decision in *Guhl v. Williams*, 237 Ga. 586 (229 SE2d 382) (1976), which in any way conflicts with this ruling.

Judgment affirmed in part and reversed in part. McMurray, P. J., and Benham, J., concur.

DECIDED JULY 12, 1985 —
REHEARING DENIED JULY 25, 1985 — 

*Albert S. Johnson, Gail C. Flake*, for appellant.
*George P. Dillard, W. Dan Greer*, for appellees.