A96A0743, A96A0744. INDUSTRIAL DISTRIBUTION GROUP, INC. v. WAITE; and vice versa.
(474 SE2d 28)

McMURRAY, Presiding Judge.

Plaintiff Alvis J. Waite initiated this "COMPLAINT FOR CORPORATE DISSOLUTION, DAMAGES, AND EQUITABLE RELIEF" against the close corporation, defendant Industrial Distribution Group, Inc. ("IDG"), and against IDG's other shareholders, seeking to dissolve IDG under the provisions of OCGA § 14-2-1430 as an allegedly deadlocked corporation. Plaintiff Waite is "Chief Financial Officer of IDG and Chairman of its Board of Directors." He owns "45.18 percent of [IDG's] outstanding shares." Defendant Douglass C. Smith ("Mr. Smith") and defendant Sue C. Smith ("Ms. Smith") respectively own 36.15 percent and 9.04 percent of IDG's outstanding shares. Defendant Charles L. Lingenfelter owns five percent. Although the bylaws of IDG require the presence of "80 percent of the outstanding shares . . .," for a quorum, the defendant shareholders allegedly "attempted to and have exercised their control over a mere 51 percent majority . . . to attempt to freeze out [plaintiff] Waite's minority interest in IDG, to enhance their own positions of ownership and control. . . ." On "September 16, 1993, defendant Mr. Smith wrongfully . . . attempted to convert a . . . directors' meeting into an annual shareholders' meeting (over the protest of plaintiff Waite who was present solely in his capacity as a director of IDG) in order to . . . terminate plaintiff Waite as a director and officer." In addition to dissolution of the corporation, plaintiff Waite sought to "recover his attorneys' fees and expenses of litigation pursuant to O.C.G.A. § 9-8-13."

On February 17, 1995, the trial court entered a final judgment with respect to the dissolution claim, reserving the issue of attorney fees. On the merits, dissolution of the profitable corporation was denied, and the trial court declined to appoint a receiver. But the trial court concluded that IDG was "the author of [its] own misfortune [and comes into court] with dirty hands because [it has] done something foolish," namely the unworkable 80 percent quorum requirement. IDG was ordered to pay plaintiff a "fee equal to 50 [percent] of the annual compensation" that the defendant shareholders had voted for themselves. The trial court further ordered certain "changes and amendments" to the bylaws. Specifically, the trial court ordered that "Directors of IDG shall be elected by cumulative voting[, and that the] 80 [percent] quorum require[ment] . . . is removed, and the quorum . . . shall be a simple majority of the total shares outstanding." Also, the shareholders were awarded "preemptive right[s]" and the right of first refusal of any stock sold by the existing shareholders. Plaintiff subsequently moved "for an award of $153,248.16 in legal fees and disbursements in connection with plaintiff Waite's obtaining judgment on his claims . . . relating to dissolution of IDG." This claim was supported by the affidavit of plaintiff's counsel as to the amount, and also by the affidavit of another attorney, not representing plaintiff, as to the reasonableness of that amount. The trial court awarded plaintiff "$100,000.00 as reasonable and necessary attorneys' fees in connection with his claims under Count I of the Complaint. . . ." This direct appeal followed. In Case No. A96A0743, defendant IDG appeals from the award of attorney fees, and in Case No. A96A0744, plaintiff cross-appeals. *Held*:

*Case No. A96A0743*

1. Defendant IDG enumerates the award of attorney fees as error, arguing no such award is authorized by OCGA § 9-8-13 in this instance because no receiver was appointed and no res or fund was brought into the custody of the court.

OCGA § 9-8-13 contains in three subsections the substantive provisions of former Code Ann. § 55-315. OCGA § 9-8-13 (a) and (b) expressly refer to the appointment of a receiver. Since no receiver was appointed in the case sub judice, defendant is correct that these two subsections provide no authority for the award of attorney fees in this case. Subsection (c), however, provides: "In all cases, the presiding judge . . . shall allow such compensation to the attorney . . . filing the original petition . . . as their services are reasonably worth." This Code subsection appears mandatory and does not expressly

require the appointment of a receiver or the introduction of a valuable res into the custody of the court. Such a requirement is implied, however, by both the language of OCGA § 9-8-13 (c) and the structure of OCGA § 9-8-13 as a whole. See *Reserve Life Ins. Co. v. Ayers*, 105 Ga. App. 804, 808 (3), 809 (126 SE2d 448), interpreting former Code Ann. §§ 55-314 and 55-315.

"As a general rule, in the absence of statutory authority, a court of equity cannot under ordinary circumstances, in an adversary proceeding, allow attorneys fees to the prevailing party. [Cit.]" *Ewing v. First Nat. Bank &c.*, 209 Ga. 932, 933 (76 SE2d 791). This general rule is subject to an important exception: "A court of equity . . . will in its discretion order an allowance of counsel fees to a complainant who at his own expense has maintained a successful suit for the preservation, protection, or increase of a common fund or common property, or who has created at his own expense, or brought into court, a fund in which others may share with him. *Price v. Cutts*, 29 Ga. 142 [(hn. 3)] (74 Am. D. 52); [cit.]." *Eckford v. Borough of Atlanta*, 173 Ga. 650, 652 (2) (160 SE 773), overruled in part on other grounds, *State of Ga. v. Private Truck Council &c.*, 258 Ga. 531, 534 (5), 535 (371 SE2d 378).

In the case sub judice, plaintiff sought to protect his private rights as a minority shareholder via judicial dissolution under OCGA § 14-3-1430 (2). Had he prevailed on that theory alone, having brought no fund into the court and neither recovering nor protecting or preserving any valuable asset for the corporation, he would have had to bear the expenses of litigation himself. *Alexander v. Atlanta & West Point R. Co.*, 113 Ga. 193 (38 SE 772). Here, however, in addition to protecting plaintiff's private interest in the value of his investment, the trial court granted substantial relief to *all* shareholders in the form of cumulative voting, preemptive rights and rights of first refusal. Also, the trial court dissolved the shareholder deadlock (versus the corporation itself) by reducing the quorum requirement to a simple majority. The *remedy* fashioned by the trial court was not a mere injunction but a dramatic reformation of the by-laws. In our view, this equitable relief was more beneficial to the corporation as an entity and to all of the shareholders than if the requested receiver had been appointed. We hold that relief from shareholder deadlock in a hitherto profitable enterprise is the type of preservation and protection of a common fund as will authorize the equitable award of attorney fees under OCGA § 9-8-13 (c), payable to the plaintiff-shareholder by the defendant-corporation. *Ga. Veneer & Package Co. v. Florida Nat. Bank*, 198 Ga. 591, 613 (3), 614 (32 SE2d 465). Consequently, we affirm the trial court's award of $100,000 as reasonable attorney fees in the case sub judice.

2. In this cross-appeal, plaintiff Waite enumerates as error the failure of the trial court to award the entire amount originally prayed for as reasonable attorney fees, $153,248.16.

" 'It [OCGA § 9-8-13 (c)] does not require that the [court] make an allowance in every case, but it does require that [the court] exercise [its] discretion upon such application, and if it is found that from the efforts of counsel moving in behalf of his own client equitable processes of the court are brought into play and given effect, and that as the result the court [renders an equitable decree] from which all of the parties benefit, the [court] should on such application make a reasonable award to be assessed, just as . . . the fees of the receiver [are] assessed, against the whole fund.' " *Nixon v. Nixon,* 197 Ga. 426, 427 (1), 429 (29 SE2d 613). In the case sub judice, the defendant corporation, freed from the paralysis of shareholder deadlock, represents that "whole fund." Nevertheless, the rule allowing assessment of attorney fees in any amount "rests upon the premise that where one litigant has borne the burden of litigation which others did not undertake, but which has inured to their benefit as well as his own, those who share in the benefits or fruits of his efforts should *ratably* share the expenses. *City of Atlanta v. Screws,* 194 Ga. 214, 216 (21 SE2d 424)." (Emphasis supplied.) *Nixon v. Nixon,* 197 Ga. 426, 427 (1), 430, supra.

In this case, the award of $100,000, out of the prayed for $153,248.16, puts the onus on those owning 55 percent of the outstanding shares to bear 65 percent of plaintiff's costs of litigation. "The allowance of counsel fees from a fund is capable of great abuse, and should be exercised with the most jealous caution in regard to the rights of litigants, lest thereby the administration of justice be brought into reproach. In most cases it is better to leave those concerned to contract for the compensation to be paid for the services rendered or received." *Eckford v. Borough of Atlanta,* 173 Ga. 650, 653 (4), supra. In the case sub judice, we find no abuse of the trial court's *broad equitable discretion* in refusing to award plaintiff *additional* amounts in excess of his ratable share of the benefits conferred by the instant litigation.

*Judgments affirmed. Johnson, J., concurs. Ruffin, J., concurs in the judgment only.*

DECIDED JUNE 19, 1996 —
RECONSIDERATION DENIED JULY 11, 1996 — ▮▮▮▮▮▮

*Kilpatrick & Cody, Thomas C. Harney, Craig E. Bertschi,* for appellant.

*Bondurant, Mixson & Elmore, H. Lamar Mixson, Jill A. Pryor,* for appellee.