S96G1793. INDUSTRIAL DISTRIBUTION GROUP, INC.
v. WAITE.
(485 SE2d 792)

FLETCHER, Presiding Justice.

Minority shareholder Alvis Waite sued Industrial Distribution Group (IDG), a Georgia corporation, and its majority shareholders seeking judicial dissolution due to a shareholder deadlock. The trial court refused to dissolve the corporation and appoint a receiver, but ordered other relief and awarded attorney fees to Waite. The Court of Appeals affirmed the award,[1] and we granted certiorari to determine if Waite was entitled to attorney fees. Because no Georgia statute gives Waite authority to recover attorney fees and the trial court did not act as the substantial equivalent of a receiver, we hold that Waite is not entitled to attorney fees for bringing this dissolution action as an individual shareholder. Accordingly, we reverse.

Waite, a former division president and owner of 45 percent of IDG's stock, sued IDG and three of its shareholders seeking dissolution of the corporation under OCGA § 14-2-1430, appointment of a receiver, damages, and equitable relief. The trial court held a bench trial on the dissolution claim, but denied the relief sought, finding that dissolution would hurt suppliers, customers, employees, and lenders. It did find that the shareholders were deadlocked, as Waite

---

[1] *Industrial Distribution Group v. Waite*, 222 Ga. App. 233 (474 SE2d 28) (1996).

alleged, and lowered the quorum requirement for shareholder meetings to a simple majority. In addition, the trial court required IDG to make distributions to Waite, instituted cumulative shareholder voting, mandated board approval of all major transactions and compensation decisions, gave a right of first refusal of all stock sold to existing stockholders, and ordered all future stock to be issued pro rata. No party appealed the judgment. Subsequently, the trial court found that Waite was entitled to $100,000 in attorney fees under OCGA § 9-8-13 and *Ga. Veneer &c. Co. v. Fla. Nat. Bank*.[2] The Court of Appeals affirmed on the theory that Waite's action preserved a common fund and thus authorized an equitable award of attorney fees under OCGA § 9-8-13 (c).[3]

1. As a general rule, Georgia law does not provide for the award of attorney fees to the prevailing party unless authorized by statute or contract.[4] OCGA § 9-8-13, cited by the trial court as the statutory authority for the fees award, provides in subsection (a):

> In all cases where a receiver is appointed under the laws of this state to take charge of the assets of any person, firm, or corporation and a fund is brought into court for distribution, the court having jurisdiction thereof shall award to counsel filing the petition and representing the moving creditor or creditors, out of the fund, no greater sum as fees for services rendered in filing the petition and bringing the fund into court than the services are actually worth.

Thus, subsection (a) permits the award of attorney fees when two requirements are met: (1) a court appoints a receiver to take charge of the corporation's assets, and (2) a fund is brought into court for distribution. In this case, neither statutory requirement was met. The trial court denied Waite's request for the appointment of a receiver and did not establish a common fund. Therefore, Waite is not entitled to a fees award under subsection (a) of the receivership statute.

2. OCGA § 9-8-13 (c), which the Court of Appeals cited, provides: "In all cases, the presiding judge or other competent tribunal shall allow such compensation to the attorney or attorneys filing the original petition and to the receiver or receivers appointed thereunder as their services are reasonably worth." The Court of Appeals interpreted this subsection as permitting attorney fees in this case despite the absence of a receivership.

Subsection (c), however, does not provide independent authority

---

[2] 198 Ga. 591 (32 SE2d 465) (1944).
[3] 222 Ga. App. at 235.
[4] *Walker v. Walker*, 266 Ga. 414 (467 SE2d 583) (1996).

for an equitable award of attorney fees. Its reference to "all cases" means all cases in which a receiver is appointed, as shown by its placement in the receivership statute. Enacted in 1898, the language in current subsection (c) was placed at the end of what is now subsection (b) to show how the fees of counsel and receivers were allowed.[5] It was unnecessary to repeat the clause "where a receiver is appointed" because that phrase was stated at the beginning of the section. We conclude that subsection (c), like subsection (a), does not permit the award of attorney fees unless a receiver is appointed.

3. As an exception to the general rule, a court of equity may allow attorney fees to a party who maintains a successful suit for the protection or increase of common property or a common fund.[6] Relying on our decision in *Ga. Veneer*, Waite argues that he is entitled to attorney fees because the trial court exercised its equitable powers to resolve the shareholder deadlock and eliminate corporate waste to the common benefit of all IDG's shareholders.

In *Ga. Veneer*, this Court concluded that the trial court's actions in supervising and controlling the corporation's assets were "in substance the equivalent of a receivership." Although the corporation retained physical possession of the assets, it held the property in trust for the shareholders. We concluded:

> Where, as a result of the prosecution of an action by minority stockholders, the majority have been prevented from fraudulently sacrificing corporate assets and the court has obtained control of those assets, the petitioners are entitled to an order of the court allowing the payment from the common fund of the necessary expenses and counsel fees incurred by them.[7]

Unlike the situation in *Ga. Veneer*, the trial court here did not supervise the corporation's daily operations or control its assets; nor was a common fund created by the sale of the corporation's assets or any other method. Although the trial court ordered a change in the corporation's bylaws to break the shareholder deadlock and retained jurisdiction to enforce its judgment, these actions are not the sub-

---

[5] Ga. L. 1898, pp. 86, 87. The amended statute read:
Sec. II. Be it further enacted, That in all cases when a receiver is appointed to take charge of the assets of any person, firm or corporation, the court having jurisdiction thereof shall award to such receiver as full compensation for his services out of the fund coming into his hands . . . ; provided further, that in all cases the presiding judge, or other competent tribunal, shall allow such compensation to the attorney or attorneys filing the original petition, and the receiver or receivers appointed thereunder, as their services are reasonably worth.

[6] *Ewing v. First Nat. Bank*, 209 Ga. 932 (76 SE2d 791) (1953).

[7] 198 Ga. at 614.

stantial equivalent of a receivership.

As a result, neither the receivership statute nor our decision in *Ga. Veneer* provides authority for an award of attorney fees to Waite for bringing this dissolution action. Because the issue is not presented here, we decline to address whether this Court should adopt the substantial benefit doctrine, which allows the award of attorney fees to a plaintiff who sues as an individual shareholder.[8]

*Judgment reversed. All the Justices concur, except Carley, J., who dissents.*

CARLEY, Justice, dissenting.

In this case, the trial court cited both OCGA § 9-8-13 and *Ga. Veneer &c. Co. v. Fla. Nat. Bank*, 198 Ga. 591 (32 SE2d 465) (1944) as authority for its award of attorney's fees to Alvis Waite and, on appeal, the Court of Appeals affirmed that award. *Industrial Distribution Group v. Waite*, 222 Ga. App. 233, 234 (1) (474 SE2d 28) (1996). I concur in Divisions 1 and 2 of the majority opinion, holding that OCGA § 9-8-13 is not authority for the award, since a receiver was not appointed. However, I cannot concur in Division 3 of the majority opinion, holding that *Ga. Veneer &c. Co.* likewise constitutes no authority for the award. In my opinion, that decision is viable alternative authority for an award of attorney's fees to Waite. Although I ultimately am unable to conclude that, under the circumstances, the award should be affirmed pursuant to *Ga. Veneer &c. Co.*, I nevertheless do not agree with the majority that the judgment simply should be reversed. Instead, I believe that the case should be remanded to the trial court for reconsideration of the award of attorney's fees in accordance with the principles enunciated in *Ga. Veneer &c. Co.* Thus, I respectfully dissent to the majority's reversal of the award, without also ordering a remand for reconsideration by the trial court.

As the majority notes, *Ga. Veneer &c. Co.* is factually distinguishable because there, unlike here, the trial court granted equitable relief which was substantially equivalent to the appointment of a receiver. *Ga. Veneer &c. Co.* does not hold, however, that an award of attorney's fees is authorized *only* when the trial court grants equitable relief equivalent to appointing a receiver. Instead, it was expressly recognized that an award of attorney's fees is also authorized under a broader principle whereby

---

[8] See *Tandycrafts, Inc. v. Initio Partners*, 562 A2d 1162 (Del. 1989); Recent Case, Attorneys' Fees — Substantial Benefit Doctrine — Delaware Supreme Court Grants Fees to Plaintiff Suing as Individual Shareholder, 103 Harv. L. Rev. 1187 (1990).

"[a] court of equity . . . will in its discretion order an allowance of counsel fees to a complainant who at his own expense has maintained a successful suit for the *preservation, protection,* or *increase* of a common fund or *common* property, or who has created at his own expense, or brought into court, a fund in which others may share with him." [Cits.]

(Emphasis in original.) *Ga. Veneer &c. Co.*, supra at 614 (3). Compare *Hope & Assoc. v. Marvin M. Black Co.*, 205 Ga. App. 561 (1) (422 SE2d 918) (1992) (attorney's fees in non-equity proceedings). This principle enunciated in *Ga. Veneer &c. Co.* is equivalent to the "substantial benefit" doctrine which other jurisdictions have recognized.

This development has been most pronounced in shareholders' derivative actions, where the courts increasingly have recognized that the expenses incurred by one shareholder in the vindication of a corporate right of action can be spread among all the shareholders through an award against the corporation, regardless of whether an actual money recovery has been obtained in the corporation's favor.

*Mills v. Electric Auto-Lite Co.*, 396 U. S. 375, 394 (IV) (90 SC 616, 24 LE2d 593) (1970). Thus, if the trial court, in the exercise of its discretion, was authorized to award attorney's fees to Waite under this "substantial benefit" doctrine, it is immaterial that the equitable relief which the trial court did grant was not equivalent to the appointment of a receiver.

To authorize attorney's fees under the "substantial benefit" doctrine as recognized in *Ga. Veneer &c. Co.*, it is not necessary that the equitable relief granted by the trial court relate to a common fund. Attorney's fees also would be authorized if the equitable relief had the effect of preserving, protecting or increasing common property. Thus, if a sacrifice of the assets of the corporation was averted by the efforts of Waite, he would "be entitled to expenses and attorney's fees no less than if [he] had brought into court an amount of money equal to the alleged savings." *Ga. Veneer &c. Co. v. Fla. Nat. Bank*, supra at 615 (3). See also *Ewing v. First Nat. Bank*, 209 Ga. 932 (76 SE2d 791) (1953). Under the "substantial benefit" doctrine,

[t]he definition of a corporate benefit . . . is much more elastic. While the benefit achieved may have an indirect economic effect on the corporation, in the sense that the interests of the plaintiff class reflect a value not theretofore apparent, the benefit need not be measurable in economic terms. Changes in corporate policy or . . . a heightened level

of corporate disclosure, if attributable to the filing of a meritorious suit, may justify an award of counsel fees. [Cits.]

*Tandycrafts, Inc. v. Initio Partners*, 562 A2d 1162, 1165 (II) (Del. 1989). In my opinion, the equitable relief granted as the result of Waite's suit benefited the corporation and all of its shareholders. As the Court of Appeals recognized,

> the trial court granted substantial relief to *all* shareholders in the form of cumulative voting, preemptive rights and rights of first refusal. Also, the trial court dissolved the shareholder deadlock (versus the corporation itself) by reducing the quorum requirement to a simple majority. The *remedy* fashioned by the trial court was not a mere injunction but a dramatic reformation of the bylaws. . . . [T]his equitable relief was more beneficial to the corporation as an entity and to all of the shareholders than if the requested receiver had been appointed.

(Emphasis in original.) *Industrial Distribution Group v. Waite*, supra at 235 (1). Thus, avoidance of a sacrifice of the assets of the formerly deadlocked corporation was directly attributable to Waite's initiation and pursuit of this litigation and, therefore, he is entitled to recover reasonable attorney's fees even though he did not bring into court a fund of money. *Ga. Veneer &c. Co. v. Fla. Nat. Bank*, supra at 615 (3). See also *Mills v. Electric Auto-Lite Co.*, supra; *Tandycrafts, Inc. v. Initio Partners*, supra.

*Alexander v. Atlanta & West Pt. R. Co.*, 113 Ga. 193 (38 SE 772) (1901) is not authority which conflicts with the "substantial benefit" doctrine enunciated in *Ga. Veneer &c. Co.* In *Alexander*, the equitable relief granted was an injunction against the corporation's performance of an ultra vires, but potentially lucrative act and, consequently, it was only the objecting plaintiff-minority shareholders, not the corporation itself, who benefitted from the lawsuit. "The plaintiffs neither sued to recover, nor did they seek to compel the return of, any money belonging to the corporation, and the only legal result of their suit was the injunction." *Alexander v. Atlanta & West Pt. R. Co.*, supra at 209. As was expressly recognized, however, a recovery of attorney's fees would be authorized where, as here, the trial court does grant equitable relief which benefits the corporation, rather than merely the plaintiff-minority shareholders, by ameliorating a situation " 'threatening the entire destruction and dissolution of the corporation[.]' " *Alexander v. Atlanta & West Pt. R. Co.*, supra at 205.

The majority declines to address the applicability of the "substantial benefit" doctrine in this case, concluding that that issue is

not presented here. In my opinion, the applicability of that doctrine *is* presented here, because *Ga. Veneer &c. Co.* recognizes that doctrine as a viable principle of this state's jurisprudence and the trial court specifically cited that decision as authority for its award of attorney's fees to Waite. Under *Ga. Veneer &c. Co.*, a minority shareholder who incurs attorney's fees in connection with a successful equitable action which results in a substantial benefit to the corporation and, thereby, to all of the other shareholders, is entitled to recover the attorney's fees expenses expended. Accordingly, if it were clear that the trial court relied upon *Ga. Veneer &c. Co.* as alternative authority for its award, that award should be affirmed under the "right for any reason" principle. It is not clear, however, that the trial court did consider *Ga. Veneer &c. Co.* as alternative authority. It appears that the trial court may have misinterpreted *Ga. Veneer &c. Co.* as being only decisional authority supporting a statutory award of attorney's fees under OCGA § 9-8-13, rather than properly interpreting that decision as authority for the award under the alternative non-statutory "substantial benefit" doctrine applicable in equity cases. Because that doctrine is predicated upon the trial court's exercise of its discretion and it is unclear whether the trial court in this case exercised its discretion in accordance with that doctrine, I agree with the majority that the award cannot be affirmed. *Watson v. Elberton-Elbert County Hosp. Auth.*, 229 Ga. 26, 27 (189 SE2d 66) (1972). However, where, as here, the judgment could be affirmed but for the trial court's apparent failure to exercise its discretion, the correct resolution is, in my opinion, a reversal with direction that the trial court reconsider the ruling based upon a proper exercise of its discretion. See *Stribbling v. Ga. R. &c. Co.*, 139 Ga. 676, 687 (3) (78 SE 42) (1913). Accordingly, although I agree with the majority that the award of attorney's fees was not authorized under OCGA § 9-8-13, I dissent to the majority's failure to remand with direction that the trial court reconsider its award under the "substantial benefit" doctrine previously recognized in *Ga. Veneer &c. Co.*

DECIDED JUNE 9, 1997 —
RECONSIDERATION DENIED JUNE 30, 1997.

*Kilpatrick & Stockton, Thomas C. Harney, Craig E. Bertschi,* for appellant.

*Bondurant, Mixson & Elmore, H. Lamar Mixson, Jill A. Pryor,* for appellee.

*Caldwell & Watson, Harmon W. Caldwell, Jr., Wade H. Watson, Pope, McGlamry, Kilpatrick & Morrison, Charles N. Pope, Paul Kil-*

_patrick, Jr., R. Timothy Morrison, William U. Norwood III,_ amici curiae.