A99A1088. KRIEGER v. WALTON COUNTY BOARD OF
COMMISSIONERS et al.
(525 SE2d 147)

SMITH, Judge.

This is the second appearance of this case in the appellate courts of Georgia. In *Krieger v. Walton County Bd. of Commrs.*, 269 Ga. 678 (506 SE2d 366) (1998), the Supreme Court affirmed in part and reversed in part the trial court's ruling in favor of the board in the suit brought by John Krieger, Chairman of the Board of Commissioners of Walton County, against the Walton County Board of Commissioners and the six district commissioners. In that action, Krieger challenged a number of actions taken by the board, which Krieger characterized as attempts to strip him of the duties vested in his position. Id. at 679. The Superior Court of Walton County granted judgment in favor of the board as to all issues. Krieger appealed to the Supreme Court, which generally upheld the authority of the board to act as it did, concluding that "neither the constitution nor general laws prohibit[] the board from assuming authority over county personnel matters." Id. at 684. The Supreme Court held, however, that because local legislation governed two specific actions, the board could not assume the power to hire, supervise, and fire county employees without first amending the local legislation. Id.

After the Supreme Court's ruling, Krieger filed an application in the trial court for attorney fees and costs of litigation, claiming the Supreme Court had ruled in his favor. The trial court denied the application, and Krieger appeals,[1] raising six enumerations of error.

---

[1] Krieger filed an application for discretionary appeal, relying upon OCGA § 5-6-35 (a) (10), which makes the discretionary appeal procedure applicable to awards of attorney fees or expenses of litigation under OCGA § 9-15-14. Because Krieger did not rely primarily upon OCGA § 9-15-14, we found OCGA § 5-6-35 (a) (10) to be inapplicable. *Eickhoff v. Eickhoff*, 263 Ga. 498, 499 (1) (435 SE2d 914) (1993) (OCGA § 5-6-35 (a) (2) inapplicable to case in which primary issue was enforcement of settlement agreement rather than "domestic relations"). But because the order in issue was directly appealable, Krieger's application was granted.

1. The record shows that when the suit was filed, the county attorney for Walton County declined to participate in the litigation, and the board voted to authorize the hiring of private defense counsel. A resolution was passed authorizing attorney fees and costs incurred in defending the suit to be paid by the board. In Krieger's first two enumerations of error, he maintains that the board lacked authority to employ outside counsel and pay attorney fees for defending this action.

> An error of law has as its basis a specific ruling made by the trial court. In order for a Georgia appellate court to review a trial court ruling for legal error, a party must set forth in the enumeration of errors the allegedly erroneous ruling. OCGA § 5-6-40. The appellate court is precluded from reviewing the propriety of a lower court's ruling if the ruling is not contained in the enumeration of errors. [Cits.]

*Felix v. State*, 271 Ga. 534, 539 (523 SE2d 1) (1999). In his notice of appeal, Krieger specifies that the order appealed from is the order entered on October 30, 1998, denying his application for attorney fees and costs. But that order recites expressly that the trial court has not approved the payment of any attorney fees or costs in this case. And it is clear that the trial court made no rulings regarding the authority of the board to employ outside counsel. Since the trial court did not rule on those matters, Krieger's first two enumerations present nothing for review.

2. Krieger next enumerates as error the trial court's denial of his request for attorney fees. Even if we agreed with Krieger's characterization of himself as the "prevailing party" in the underlying lawsuit, "[a]s a general rule, Georgia law does not provide for the award of attorney fees to the prevailing party unless authorized by statute or contract." (Citation and footnote omitted.) *Indus. Distrib. Group v. Waite*, 268 Ga. 115, 116 (1) (485 SE2d 792) (1997). Krieger's application for attorney fees includes no citation of authority for such an award. In its order, the trial court indicated that Krieger asked the court for attorney fees "pursuant to *Guhl v. Williams*, 237 Ga. 586 [(229 SE2d 382) (1976)]." But we agree with the trial court that *Guhl* has no application to the facts of this case. *Guhl* also involved a dispute about proposals diminishing the power of the commission chairman. But unlike this case, the chairman and the board of commissioners in *Guhl* "agreed to resolve their dispute in the courts, and the county attorney was authorized and instructed to institute an action for declaratory judgment to resolve the legal issue." Id. at 587.

The trial court's order also states that "[i]n the alternative, [Krieger] asked that Walton County be ordered to pay his attorneys

fees and cost of litigation pursuant to OCGA § 13-6-11." The trial court found no basis for granting Krieger's request under that statute. We agree with the trial court that even if OCGA § 13-6-11 applies here, Krieger has not shown the bad faith or stubborn litigiousness on the part of the board that would support an award of fees and costs. The board had a reasonable defense to Krieger's action, as shown by the fact that its actions were upheld by the Supreme Court, with exceptions as to the form of two of those actions.[2] "A plaintiff may not recover expenses of litigation for stubborn litigiousness where a bona fide controversy exists." (Citations and punctuation omitted.) *Homeland Communities v. Rahall & Fryer, P.C.*, 235 Ga. App. 440, 443 (4) (509 SE2d 714) (1998). It can hardly have been bad faith on the part of the board to assert a position that ultimately prevailed on a majority of the issues.

The trial court's order also recites that Krieger sought attorney fees under OCGA § 9-15-14. Although Krieger purported to base his motion for attorney fees upon OCGA § 9-15-14, the trial court's order shows that this issue was never argued. We agree with the trial court that because Krieger apparently abandoned this theory and made no showing that the board's actions were frivolous, this request was without merit.

Appellees address in their briefs the issue of whether Krieger is entitled to seek attorney fees under OCGA § 45-9-21 (a), which allows governing bodies to undertake the defense of suits filed against government employees and officials arising out of the performance of their duties. We need not address this issue because Krieger has stated in his brief that he "does not claim that he has a right to recover attorneys' fees under OCGA § 45-9-21."

Because Krieger has shown no statute or contract authorizing an award of attorney fees to him (and because we cannot agree with him that he is the "prevailing party"), the trial court did not err in denying his request for an award of attorney fees and costs of litigation.

3. We find no reference in the record of the proceedings below to the issue raised by Krieger's enumeration of error in this court that the trial court should have enjoined the payment of appellees' attorneys because of violations of the State Open Meetings Act, OCGA §§ 50-14-1 through 50-14-6, and local law.[3] Clearly, the trial court did not address this issue. It is well established that an issue not raised

---

[2] It is clear from the Supreme Court's opinion that the board may easily accomplish its purpose as to the two exceptions simply by first amending the local legislation. Appellees suggest in their reply brief that this was in fact accomplished.

[3] Krieger does not appear to offer in his briefs any argument or citation of authority supporting the claim set out in enumeration of error 4 that the board's actions violated local legislation. This portion of the enumeration may therefore also be deemed to have been abandoned. Court of Appeals Rule 27 (c) (2).

below may not be raised for the first time on appeal. "We do not consider issues raised for the first time on appeal, because the trial court has not had opportunity to consider them." (Citation and punctuation omitted.) *Padilla v. Melendez,* 228 Ga. App. 460, 461 (1) (491 SE2d 905) (1997).

4. Krieger requested that the trial court order appellees to reimburse Walton County for the cost of their defense of his lawsuit. We agree with the trial court that it lacked authority to order reimbursement to Walton County, which was not a party to the lawsuit. On appeal, Krieger argues that the trial court ruled that "a taxpayer may not prosecute a claim for the use and benefit of the county as a use plaintiff." To the extent we can understand it, Krieger's argument is that as a taxpayer in Walton County, he brought the claim as a nominal plaintiff on behalf of the county to recover "public funds unlawfully expended" on attorney fees by the board, and the county should be reimbursed for this expense. But we find no reference in the trial court's order to the broad, general statement of law asserted as a "ruling" by Krieger. The trial court simply ruled that the payment by the county of appellees' attorney fees was not properly before the court. Krieger's enumeration therefore lacks merit.

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 12, 1999 —
RECONSIDERATION DENIED DECEMBER 9, 1999 —

*Dillard & Galloway, George P. Dillard, Howell F. Wright, Jr.,* for appellant.

*Robert N. Elkins,* for appellees.