S99A0689. KRIEGER v. WALTON COUNTY BOARD OF COMMISSIONERS et al.
(524 SE2d 461)

THOMPSON, Justice.

This case is before the Court from an order of the Superior Court of Walton County denying a request for declaratory and injunctive relief brought by John Krieger, Chairperson of the Walton County Board of Commissioners, and upholding certain ordinances enacted by the board in the exercise of Walton County's home rule authority.[1]

The litigation stems from an ongoing dispute between Krieger and the board concerning the scope of their respective powers. Previously, this Court held that the Walton County Board was without authority to transfer to itself by resolution certain functions of its Chairperson Krieger, without amending the local acts. *Krieger v. Walton County &c.,* 269 Ga. 678 (506 SE2d 366) (1998). These func-

---

[1] This authority is conferred under Art. IX, Sec. II, Par. I (a) of the Georgia Constitution.

tions included "the power to hire, supervise, and fire county employees." Id. at 684 (5).

At a subsequent meeting of the Walton County Board, five proposed ordinances were presented by board member Brownlow as home rule amendments to the Local Act of Walton County (Ga. L. 1929, p. 747). The proposed amendments would: (1) vest the board with complete authority over personnel matters for employees within the jurisdiction of the board, and prevent the chairman from hiring, supervising, or discharging county personnel; (2) vest the board with supervisory authority over all employees within the jurisdiction of the board; (3) vest the board with authority to employ an administrative assistant; (4) delete that portion of the local act which provides that the chairman shall superintend all county work; and (5) create the office of County Manager of Walton County, allowing the board to confer responsibilities of an administrative nature on that office, and giving the board the authority to determine the method of selection, compensation and other related matters.

During that meeting, Chairman Krieger tried to prevent the reading of the ordinances by attempting to talk over and gavel down Commissioner Brownlow. The board then voted to remove Krieger as presiding officer of the meeting, but he refused to abide by that vote. As a result, the Commissioners voted Krieger out of order and directed that he be removed from the room. When he refused to comply, he was physically removed by Walton County Deputy Sheriffs. The six remaining Commissioners proceeded to adopt the ordinances by unanimous vote. The ordinances were advertised as required in the official county organ and were read a second time at a subsequent board meeting, where they were adopted by a 6-1 vote, with Krieger participating but voting in opposition.

Krieger again filed suit seeking to have the ordinances declared invalid and to enjoin their enforcement. The trial court denied his petition for a temporary restraining order, injunction, and a declaration that the ordinances were unconstitutional under the Home Rule Act, ruling instead that each of the ordinances constituted a valid exercise of Walton County's home rule authority under the Georgia Constitution.

1. Art. IX, Sec. II, Par. I of the Constitution of the State of Georgia of 1983, provides for home rule for counties. Subparagraph (a) grants the governing authority of each county "legislative power to adopt clearly reasonable ordinances, resolutions, or regulations relating to its property, affairs, and local government for which no provision has been made by general law and which is not inconsistent with this Constitution or any local law applicable thereto." Subparagraph (b) sets forth two alternative procedural methods by which a local act may be amended or repealed. Finally, subparagraph (c)

proscribes the application of home rule authority as to certain enumerated matters which are subject to general law or local acts of the legislature. Specifically, home rule authority shall not extend to an "[a]ction affecting any elective county office, the salaries thereof, or the personnel thereof, except the personnel subject to the jurisdiction of the county governing authority," subparagraph (c) (1), or an action affecting the "form . . . of the county governing authority." Subparagraph (c) (2).

This Court has determined that home rule authority conveys to the board the right "to amend a local act to give the board, rather than the chairperson, authority to hire, supervise, and discharge county personnel." *Krieger*, supra at 680 (1), citing *Gray v. Dixon*, 249 Ga. 159 (1) (b) (289 SE2d 237) (1982). This is so because the transfer of such authority to the board does not "affect[ ] the office of chairperson or the form of county government in violation of the constitution or state laws." *Krieger*, supra. Also, "[e]mployees of the county are 'personnel subject to the jurisdiction of the county governing authority,' and action affecting them in the form of a 'home rule ordinance' is constitutionally permissible." *Guhl v. Williams*, 237 Ga. 586, 588 (229 SE2d 382) (1976). In addition, OCGA 36-5-22.1 (b) grants "the governing authority of each county exclusive jurisdiction to control all county property, levy general taxes for county purposes, establish roads and bridges, fill vacancies in county offices, and regulate the county police, health, and support for the poor." *Krieger*, supra at 680.

The first three ordinances adopted by the Walton County Board pertain to personnel subject to the jurisdiction of the county governing authority, are administrative in nature, and do not affect the chairperson or the form of county government. Accordingly, those ordinances were not prohibited by subparagraph (c), and were properly enacted within the home rule authority of the board.

The fourth ordinance deletes a portion of the local act which authorized the chairman to supervise all county work. In its place, the amended ordinance delegates those supervisory responsibilities to the board. In *Krieger*, supra at (3), we acknowledged that a home rule ordinance was a proper manner for effecting a change in such supervision. Likewise, this ordinance was a valid exercise of Walton County's home rule authority.

The final ordinance amends the local act governing Walton County by creating the office of county manager, permitting the board to "vest in such office powers, duties, and responsibilities of an administrative nature as the board may deem appropriate," and allowing the board to determine "the qualifications, method of selection, appointment, compensation, tenure and other such related matters pertaining to the office." It is without dispute that the board is authorized to create the office of county manager pursuant to the

authority of OCGA § 36-5-22.[2] In *Gray v. Dixon,* supra at 161, we declared § 36-5-22 constitutional and explained that the legislation does not conflict with the county home rule amendment — "[t]he General Assembly has simply agreed to share with certain county governments a limited portion of its power to change the form of county government." Id. at 163. And while we disapproved an ordinance which created the position of county manager and appointed the county manager as "chief executive officer of the . . . county and the administrative head of the county government," a subsequent ordinance in the language of § 36-5-22 and which did not have the effect of "stripping the chairman of his authority," was declared constitutional. Id. Accord *Krieger,* supra at (1) (an attempt to confer *executive powers* on a county manager is an action affecting the form of county government in violation of constitutional home rule authority).

Accordingly, we hold that Walton County's ordinance, which tracks the language of § 36-5-22, vests in the office of county manager certain administrative functions, and does not attempt to confer on that office the executive powers reserved for the chairman, is consistent with the county's home rule authority, and does not violate the Georgia Constitution.

2. Without supplying any citation of authority, Krieger asserts that his removal from the first board meeting and absence during the initial vote somehow invalidated the board's adoption of the amendments. The ordinances were duly adopted under the procedures set out in Art. IX, Sec. II, Par. I (b) (1) of the Georgia Constitution. It follows that Krieger's procedural challenge is without merit.

3. Any remaining enumerations of error were not raised or ruled on in the trial court and present nothing for appellate review. *Ga. Dept. of Nat. Resources v. Coweta County,* 261 Ga. 484 (405 SE2d 470) (1991).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 22, 1999 —
RECONSIDERATION DENIED DECEMBER 20, 1999.

---

[2] OCGA § 36-5-22 (a) provides:

The governing authority of any county of this state or the General Assembly may create in and for those counties in which it deems necessary or advisable the office of county manager and may vest in such office powers, duties, and responsibilities of an administrative nature. The qualifications, method of selection, appointment, compensation, tenure, and such other related matters pertaining to the office of county manager shall be provided for the governing authority of the county.

*Dillard & Galloway, George P. Dillard, Howell F. Wright, Jr.,* for appellant.

*Carothers & Mitchell, Richard O. Carothers, Thomas M. Mitchell,* for appellees.