NIXON *et al.* v. NIXON, administratrix, *et al.*

No. 14795. MARCH 8, 1944.

*James Maddox,* for plaintiffs in error.

*Wright, Willingham & Fullbright* and *Joe M. Lang,* contra.

GRICE, Justice. ■ This is the third appearance of this case. See *Nixon* v. *Nixon,* 192 *Ga.* 629 (15 S. E. 2d, 883); 194 *Ga.* 301 (21 S. E. 2d, 702).

The first exception in the present record is to that portion of the decree awarding an attorney's fee to counsel for the plaintiff, to be paid out of the funds in the hands of the commissioner which arose from the sale of the realty. No question is made as to the amount of the allowance, the insistence being that it was erroneous to grant any at all.

Our law provides two methods by which a party may have partition. One is in equity, the other under a statutory provision. While in former Codes these were separated, they appear in the present Code as chapter 85-15, and are to be found in §§ 85-1501 to 85-1515, inclusive. Where one proceeds independently of equity, and the lands, being incapable of division by metes and bounds, are ordered sold and the proceeds divided, the applicants for partition are not entitled to have fees awarded to their attorneys from the funds arising from such sale. *Neal* v. *Neal,* 140 *Ga.* 734 (79 S. E. 849). The instant case is an equitable suit for partition, and to sustain the award excepted to, counsel for the defendants in error rely on the case of *Kealing* v. *Fuller,* 151 *Ga.* 66 (105 S. E. 844), wherein it was ruled that a court of chancery has power to allow a reasonable fee to the attorney for the complainant in a partition suit to be paid out of the proceeds of the estate. In the *Keating* case, the opinion states that a partition in equity appeared to be necessary, and called attention to the fact that, in a prior appearance of the same case, this court had adjudicated the appointment of a receiver necessary to protect, preserve, and sell the real estate. The fund in court arose in part from a sale by the receiver, and in part from the collection of a debt due to one of the parties by a third person. The receivership lasted five years. The attorney for whose benefit the fees were awarded in that case represented the receiver throughout the five years. This court did not rule in the *Keating* case that it would be proper in every instance to allow to the complaining party in an equitable partition suit fees for his counsel, to be paid out of the proceeds of the sale of the property. The holding in effect was merely that the ruling in the *Neal* case, supra, did not forbid the allowance of attorneys' fees out of a fund arising out of the sale of lands under a petition in equity, where the fees would be proper under the general rules applicable to the allowance of counsel fees in equity cases. In the latter part of the opinion in the *Keating* case, the view here

presented is clearly brought out. "The Code does not in terms provide for the payment of fees to counsel for plaintiffs in an equitable partition proceeding. But this failure can not be taken as a denial of the general power of the chancellor to make an allowance of fees out of the common fund to the attorney for plaintiffs in an equity case, whether the case be one for partition of land or for the administration of a fund for the benefit of more than a single creditor. It does not follow that in every case where resort to a court of equity is necessary to partition land the chancellor may properly allow fees to the counsel for the plaintiffs out of the common fund in court. The chancellor, in a proper case, has such power subject to the general rules and general principles applicable to the allowance of counsel fees in equity cases."

The rulings in *Neal* v. *Neal* and *Keating* v. *Fuller*, supra, were discussed in *Werner* v. *Werner*, 196 *Ga.* 1 (25 S. E. 2d, 676, 146 A. L. R. 1263). After reviewing these two and other cases, in referring to the power of a court of equity, in a proper case, to make an allowance, this court said: "It does not require that the judge make an allowance in every case, but it does·require that he exercise his discretion upon such an application, and if it is found that from the efforts of counsel moving in behalf of his own client equitable processes of the court are brought into play and given effect, and that as the result the court takes jurisdiction for administration of a fund from which all of the parties benefit, the judge should on such application make a reasonable award to be assessed, just as in the present instance the fees of the receiver were assessed, against the whole fund." In 40 Am. Jur., 81, §§ 93 and 94, there is a helpful discussion as to when attorneys' fees will be awarded in a partition proceeding under what has been called the common-benefit doctrine, and annotations support the text therein as follows: "In order, however, to justify taxation of counsel fees as costs, the proceedings must as a rule be deemed to have been conducted entirely for the common benefit of all. Such an allowance will not be made in favor of one or more of the parties who in good faith interpose a real contest against other parties to the partition action, which is of a substantial nature. The courts will not in such cases allow attorneys' fees as against the adverse parties so as to charge them with part thereof." In the same text it is said that, "A real controversy as to the title is one

of the more common contests which will defeat the allowance of a counsel fee." In the instant case, the present plaintiffs in error contest the title of the administratrix to a one-fourth interest. A reference to the annotations in 73 A. L. R., pp. 16 et seq., appended to the case of Capuccio v. Caire, 207 Cal. 200 (277 Pac. 475), discloses that ample authority may be found in support of the following propositions: first, that a real contest which is of a substantial nature and is interposed in good faith generally has the effect of precluding the allowance of attorneys' fees, at least as against adverse parties, so as to charge them with part of the fees, the proceedings in such cases being usually regarded as not conducted so entirely for the common benefit as to justify any taxation of fees; and second, that a real controversy as to the title is one of the more common contests which will defeat the allowance of a counsel fee.

What are the general rules and general principles applicable to the allowance of counsel fees in equity cases? A person who collects funds of a debtor for the joint benefit of himself and other creditors, ought, when that fund is distributed by a court of equity, to be allowed reasonable compensation for the services of himself and his lawyers, to the extent to which those services are productive and beneficial. *Price* v. *Cutts,* 29 *Ga.* 142 (74 Am. D. 52); *Ball* v. *Vason,* 56 *Ga.* 264; and see also *Eckford* v. *Borough of Atlanta,* 173 *Ga.* 650, 652 (160 S. E. 773). Here, however, we have no case where a creditor has collected funds of a debtor for the joint benefit of himself and other creditors. The rule rests upon the premise that where one litigant has borne the burden of litigation which others did not undertake, but which has inured to their benefit as well as his own, those who share in the benefits or fruits of his efforts should ratably share the expenses. *City of Atlanta* v. *Screws,* 194 *Ga.* 214, 216 (21 S. E. 2d, 424). In the case last cited, the rule itself was referred to as follows: "The general rule as to allowance of counsel fees out of a fund in court, for distribution as the result of such counsel's efforts, is stated in the annotation in 49 A. L. R. 1145, 1150, to the case of Hempstead v. Meadville School, 286 Pa. 493 (134 Atl. 103), as follows: 'The rule is that a court of equity, or a court in the exercise of equitable jurisdiction, will, in its discretion, order an allowance of counsel fees, or, as it is sometimes said, allow costs as between

solicitor and client, to a complainant (and sometimes directly to the attorney) who at his own expense has maintained a successful suit for the preservation, protection, or increase of a common fund, or of common property, or who has created at his own expense, or brought into court a fund in which others may share with him.' Trustees of Improvement Fund *v.* Greenough, 105 U. S. 527 (26 L. ed. 1157); 7 C. J. S. 1096, § 193b (1)."

In the instant case, there was no receivership,—nothing done by the complainant to preserve, protect, or increase a common fund; nor has any fund at all been created. What happened was, that in a partition proceeding property owned jointly by the complainant and others was sold and the proceeds of the sale ordered divided. The fund that was in court for division was the result of a conversion of land into money. The character of the property was changed. It is true that the proceeding was one in equity; that the petition alleged that the defendants W. T. Nixon and Miss Maggie Nixon had sold and had cut and removed valuable saw timber from the land, and had received pay therefor of a stated value; that they were accountable to the plaintiff and all the common owners of the land for each respective share of the rents and profits received on said land, and for the value of the timber cut and removed therefrom; and that they had failed and refused to account to the plaintiff for the sums so received by them as rents and profits, as well as for the money received from the sale of the timber, although demand had been made on them for such accounting by the attorney for the plaintiff. Among the prayers were: "That plaintiff secure an accounting with said defendants, W. T. Nixon and Maggie Nixon, and recover judgment for such as it appears on account they owe her; . . that such judgment as may be recovered by plaintiff against defendants for rents and profits be declared to be a special lien against the fund going to them for their interest in said land, and that she recover the costs in this case and attorneys' fees;" and "that plaintiff have such other and further relief as seems meet and proper in the premises."

The complainant, however, took nothing herself by reason of those allegations and prayers, and added nothing to any fund in court, and certainly did not benefit the parties who except to the allowance of the attorneys' fees. On the contrary, on the trial, they obtained a judgment against the complainant from the funds in her

hands to be administered in the sum of $450 as principal, and the further sum of $558 as interest. The complainant did not prevail in so far as her petition asserted any equities against these two parties. She obtained in the verdict a finding in her favor of a one-fourth undivided interest in the land; a finding that the land was not capable of division in kind, and that it should be sold for division; and a finding that judgment be rendered against the complainant in favor of the plaintiffs in error, as above pointed out. She obtained no equitable relief, but only that which would have been awarded her in a statutory proceeding for partition. The only equitable parts of the case were the features as to an accounting with plaintiffs in error, and a prayer for judgment in her favor against them. The only equitable relief granted was against her and in favor of the two complaining parties, that they should not be forced to pay a substantial portion of the fee of their adversary. To charge the fund arising from the sale of the land with this fee would do this effectively, although indirectly. It is adjudged that the trial court erred in so ordering payment to the attorneys.

■ Error is also assigned on that portion of the decree which directs: "That after all of the aforesaid payments, except the payment to the clerk of the costs due by the plaintiff and the costs due by the defendant, the funds remaining shall be divided into four equal parts, one-fourth thereof to be paid to the plaintiff as administratrix of Robert Nixon, after deducting therefrom the amount of costs to be paid to the clerk by her from the funds coming to her." The contention as to this assignment is, that since the finding was that the plaintiffs in error were entitled to judgment in a stated sum against the complainant administratrix, it was erroneous to decree that one-fourth should be paid to her, instead of directing that the amount of their judgment should be paid in full, or so much thereof as might remain after the payment of prior claims against the fund; there being no authority of law for the direction that said funds be paid to the complainant without payment of the amounts due the plaintiffs in error under the findings of the jury. As to this, counsel for the defendant in error reply that this court must know that there are certain expenses and costs incurred by the administratrix in the court of ordinary, which are given priority over the judgment obtained by the plain-

tiffs in error against the administratrix, and that it was proper to turn over the fund, representing one-fourth of the net amount, to her to be disbursed under order of the court of ordinary, having due regard to the priorities fixed by the law.

In one of the prior appearances of this case, this court considered the contention of the complainant administratrix, that to allow the judgment against her "would be to grant a preference to the defendant over·other.creditors or persons holding claims against the estate of Robert Nixon," and met it by quoting the Code, § 81-802, which declares that, "When a defendant pleads a set-off of a larger amount than the demand of the testator or intestate, the plaintiff may reply by showing· that the estate is insolvent, and that there are outstanding debts, of higher dignity than the defendant's set-off, sufficient to exhaust the assets, for the purpose of protecting the executor or administrator from an absolute judgment." *Nixon* v. *Nixon,* supra. See also authorities cited in division 3 of the opinion in that case. The judgment of the plaintiffs in error was founded on a cross-action brought by them against the administratrix. If her intestate's estate were insolvent, or if there were outstanding debts of higher dignity than that claimed by the plaintiffs in error, sufficient to exhaust the assets in her hands, she should have alleged that by way of reply. Compare *Ray* v. *Dennis,* 5 *Ga.* 357. Our law makes ample provision for the personal representative of an estate to plead want of assets. Code, § 113-2108. It likewise indicates the character of the judgment to be entered when he fails to so plead, or if such plea is filed and the issue be found against him. § 113-2110. Not having replied to the cross-action by filing any such plea, W. T. Nixon and Maggie Nixon were entitled on the finding of the jury to have the decree provide for a judgment de bonis testatoris against the administratrix. Their exception was well taken.

*Judgment reversed. All the Justices concur.*