23050. TAYLOR v. SHARPE.

ARGUED JULY 13, 1965—DECIDED SEPTEMBER 9, 1965.

*Robert Y. Dewar*, for plaintiff in error.

*Kitchens & McLane, H. Arthur McLane, Franklin, Barham, Coleman, Elliott & Blackburn, E. G. Barham*, contra.

ALMAND, Justice. On the petition of Lonnie Sharpe, who with several named defendants was one of the cotenants of certain described property, the court appointed commissioners to sell the real estate, distribute the funds to the tenants in common, and after an accounting with the parties at interest, to pay expenses and attorney's fees. The petition sought an equitable partition under *Code* § 85-1501. Pursuant to an order of the court, the commissioners reported the sale, which was confirmed. All persons who had an interest in or claim against the proceeds were ordered to render their claims to the commissioners. Subsequently the commissioners reported to the court that the attorneys for the plaintiffs had filed a claim for attorney's fees and that Louise Taylor, a defendant cotenant, had filed a claim for taxes, insurance and expenses she had paid out in preserving the property which was the subject matter of the petition. The commissioners also reported that Louise Taylor, by reason of the income received from the property, was chargeable with the sum of $1,383. The report of the commissioners was approved, whereby they were ordered to pay the attorney's fees of the plaintiffs and to charge the share of Louise Taylor, a cotenant, the amount she owed for rents received from the joint estate.

Louise Taylor filed her petition to set aside this order of distribution in so far as it ordered payment of attorney's fees and rendered an accounting against her in a stated amount. Her contention was that neither attorney's fees nor an accounting could be had in this proceeding.

The petition clearly made out a case for equitable partition under *Code* § 85-1501. The properties involved consisted

of three tracts of land—a portion of the real estate had been transferred by deed, the remainder by inheritance. There was a complexity of interests by the cotenants who were residents and nonresidents of the State. There were some who had claims against the joint estate such as payment of taxes, insurance, etc. It was necessary that a full and complete accounting be made between all claimants as to the funds derived from the sale of the joint estate. So in the instant case, having properly assumed jurisdiction for the partition of the property of cotenants, by its sale and distribution of the proceeds, the court of equity had the authority to adjust the accounts or claims of the cotenants. Therefore it was proper to allow the claim of the cotenant Louise Taylor for the expenses she incurred in preserving the estate and charging her with the rents received from the joint estate. *Waycross Military Assn. v. Hiers,* 209 Ga. 812 (76 SE2d 486); *Wallis v. Watson,* 184 Ga. 38 (190 SE 360); *Code* §§ 85-1004, 85-1502.

■ This being an equitable proceeding for partition and other relief, the court did not err in awarding fees to the attorneys for the plaintiffs to be paid from the common fund derived from the sale of the joint property. *Keating v. Fuller,* 151 Ga. 66 (105 SE 844); *Werner v. Werner,* 196 Ga. 1 (25 SE2d 676, 146 ALR 1263).

The court did not err in refusing to set aside its order of confirmation of the commissioner's report insofar as it related to an accounting by Louise Taylor and allowance of attorney's fees.

*Judgment affirmed. All the Justices concur.*