43163. GLYNN COUNTY FEDERAL EMPLOYEES CREDIT
UNION v. PEAGLER et al.
(348 SE2d 628)

SMITH, Justice.

A McIntosh County jury awarded the appellees, G. C. Carter and Sharon Peagler, $8,000 in general damages for fraud, $75,000 in punitive damages, and $6,400 in attorney fees. The appellant raises sixteen issues on appeal. We affirm in part and reverse in part.

On March 17, 1977, Sharon Peagler borrowed $4,250 from the Credit Union so that she could purchase a car. After calculation of the finance charge on the loan, her debt to the Credit Union

amounted to $5,671.20. After she fell behind on payments, Peagler gave the Credit Union a promissory note for $6,599.64 and later signed an extension agreement. Peagler's stepfather, Carter, co-signed the promissory note and the extension agreement.

Peagler once again fell behind on payments to the Credit Union. The Credit Union subsequently repossessed the car, sold the car, and filed suit on February 24, 1981 against Peagler and Carter for the amount of debt remaining after the sale. On March 17, 1981, Peagler gave the Credit Union another "promissory note" for $5,042. Carter's name was scratched out on the promissory note. Peagler's debt to the Credit Union, including a finance charge on the note, amounted to $6,733.56.

After giving the note to the Credit Union, the Credit Union gave Peagler a check for $931.89, the total amount of interest she owed on the previous note, and she endorsed the check and gave it back to the Credit Union. According to the Credit Union, the new note simply amounted to an extension of the old note. According to Peagler, the new note was, as termed, a promissory note which extinguished the old note, released Carter from his obligation, and established a new debt.

Peagler claimed that the Credit Union promised to dismiss the lawsuit when she signed the new note. The manager of the Credit Union asserted that he promised only to not follow through with the suit if Peagler kept up payments under the new arrangement. Peagler in August 1981, once again fell behind in her payments, and, on May 2, 1982, the Credit Union gained a default judgment against her based on the complaint filed in February 1981.

Pursuant to the default judgment, the Credit Union sought to garnish Peagler's wages at the Glynn County-Brunswick Hospital and Carter's wages at Butler's IGA Foodstore in Darien. Carter quit his job, preventing any garnishment. The Hospital Authority withheld approximately $600 from Peagler's wages before the garnishment was discontinued.

On February 17, 1984, Peagler filed a petition for bankruptcy in the United States Bankruptcy Court for the Southern District of Georgia. She listed, as an unsecured claim, "Renewal loan on 3-16-81 which included the sums claimed by [the Credit Union] on the judgment of the Superior Court of McIntosh County, Ga. in #81V-054." This was the case number of the default judgment against Peagler and Carter. On July 12, 1984, the bankruptcy court discharged Peagler's debts and ruled any judgments against Peagler which fell within certain categories to be "null and void as a determination of personal liability."

Peagler and Carter filed suit against the Credit Union, and the jury ultimately returned the aforementioned verdict.

1. The facts developed at trial support the trial court's decision to deny the Credit Union's motion for a directed verdict under former OCGA § 9-11-60 (e).[1] See *Cox v. Kirkland,* 249 Ga. 796 (294 SE2d 514) (1982).

2. The Credit Union also contends that since neither Carter nor Peagler suffered damages due to its actions, the trial court should have ruled that they did not, as a matter of law, set out a cause of action for fraud.

To establish a cause of action for fraud, a plaintiff must show that actual damages, not simply nominal damages, flowed from the fraud alleged. *Foster v. Sikes,* 202 Ga. 122, 125 (42 SE2d 441) (1947); see also Prosser on Torts, § 110, p. 765 (5th ed. 1984). Loss of sleep due to a surprise $4,111.03 default judgment and an impending garnishment proceeding does not constitute actual damages sufficient to support a cause of action for fraud. Carter's action in quitting his job due to the garnishment, particularly in light of our holding in Division 1, likewise does not constitute sufficient damages to uphold a cause of action for fraud. The trial court, thus, should have granted the Credit Union's motion for a directed verdict as to the cause of action for fraud alleged by Carter.

According to the evidence adduced at trial, Peagler lost $250 in garnished wages as a direct result of the default judgment for the amount of $4,111.03. On the other hand, she was discharged in bankruptcy from her promise to pay the Credit Union $6,733.56. The Credit Union allowed her to make this second promise and avoid acceleration under the first note without any new consideration from Peagler. Viewing the interaction between Peagler and the Credit Union as a single transaction, as we should in this equity case, we cannot find that Peagler suffered damages sufficient to support a cause of action for fraud. The final total on the balance sheet in this case indicates that the trial court should have granted the Credit Union's motion for a directed verdict as to Peagler's cause of action for fraud.

3. "Attorney fees are recoverable only where authorized by some statutory provision or by contract. [Cit.]" *Bowers v. Fulton County,* 227 Ga. 814, 815 (183 SE2d 347) (1971). Here, where Peagler and Carter have only set out a complaint in equity, they were not entitled to an award of attorney fees under OCGA § 13-6-11 or OCGA § 51-12-7.

4. Finally, the trial court should have granted the Credit Union's motion for a directed verdict as to punitive damages, since Peagler

---

[1] OCGA § 9-11-60 (e) now reads, "The use of a complaint in equity to set aside a judgment is prohibited." Ga. L. 1986, p. 294, § 1.

and Carter did not set out a cause of action in tort. OCGA § 51-12-5.
*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED OCTOBER 7, 1986 —
RECONSIDERATION DENIED OCTOBER 28, 1986.

*Roger B. Lane, Powell, Goldstein, Frazer & Murphy, Karen D. Wildau, Josie A. Alexander,* for appellant.
*W. Douglas Adams, Daniel H. White,* for appellees.