S92A0757. DAVIS et al. v. DAVIS.
(419 SE2d 913)

BENHAM, Justice.

Appellant James Davis (hereinafter "appellant") and appellee Walter Davis are brothers who, together with other brothers, formed and operated the appellant corporation, D & D Manufacturing Company, Inc. Appellant acted as president of the corporation from its inception until 1980, at which time he left the company because of conflicts with appellee. After appellant's departure, appellee assumed the position of president. During appellee's tenure as president, the company's sales dropped from $839,627 in 1979 to $249,176 in 1984, and the work force shrank from eighteen to four, which included three Davis brothers. Starting in 1983, the shareholders began seeking a buyer for the business, steadily dropping their asking price. In March 1985, they voted to close the doors on June 1, 1985. Before that happened, however, appellant bought the stock of the other two brothers, Ralph and Wilson, fired appellee, and resumed control of the business. In December 1987, appellee filed suit against appellant and the corporation alleging that the stock transfers to appellant were in violation of bylaws which placed restrictions on transfers, and seeking imposition of a trust on the stock purchased by appellant, back

pay from the time he was fired until the present, and expenses of litigation. After a bench trial, the trial court entered judgment for appellee for one-half the present value of the corporation (minus a setoff for the amount appellant paid for his brothers' stock), for back pay, and for expenses of litigation. This appeal is from that judgment.

1. Without contending that the stock transfer was legal, appellant asserts that appellee is estopped from complaining about actions taken in violation of the bylaws because the evidence showed a history of this corporation being run without regard to formality. See *Bloodworth v. Bloodworth*, 225 Ga. 379 (169 SE2d 150) (1969). However, as appellee points out, the present case is similar to *Elwell v. Nesmith*, 246 Ga. 430 (2) (271 SE2d 827) (1980), where the trial court ruled against a similarly-based claim of estoppel and this court affirmed because there was some evidence that the particular act being challenged had not been addressed even in the informal style adopted by the shareholders. The trial court found in the present case that no action had been taken to amend the bylaws and remove the restrictions on transferring the stock. As this court did in *Elwell*, we find the evidence sufficient for the trial court to reject appellant's claim of estoppel and waiver.

2. Again conceding the correctness of the trial court's finding that the stock transfer was illegal, and recognizing the correctness of the trial court's finding that the conflict between appellant and appellee is too deep-rooted to permit them to share ownership of the corporation, appellant argues that the award of one-half of the present value of the corporation to appellee was wrong. Relying on the holding in *Comolli v. Comolli*, 241 Ga. 471 (1) (246 SE2d 278) (1978), appellant asserts that the correct result would have been to require appellant to buy appellee out at the higher of the rates at which appellant bought out his other two brothers. The most salient flaw in that argument is that it ignores the basic stock transfer restriction which led to this lawsuit: the requirement that the stock not be sold in a way which gave one brother more of the stock than any other. Appellee never sought to have his stock purchased by appellant and the trial court's finding that appellee was entitled to one-half the stock is in keeping with the expressed intent of the shareholders when the corporation was chartered. Appellee was entitled to one-half of the corporation and the trial court's division of the value was equitable and fair.

3. With regard to the award of back pay, appellant asserts that the award was speculative and not supported by the evidence. We agree. The trial court reasoned correctly that since the stock transfer was illegal, appellant had no authority to fire appellee. However, as to damages for that wrong, the evidence is entirely contrary to appellee's position.

The trial court assessed the award of back pay by a mathematical

calculation based on the wage appellee was being paid and the time that had passed since he had been discharged. The flaw in that calculation is that the evidence shows beyond cavil that appellee would not have drawn that salary for that period because the business would not have continued. The evidence is undisputed that the shareholders had decided to close the business, and although there was evidence that they had made that decision before and not followed through, there is nothing in the record to support an inference that the business would have continued. In fact, the only inference to be drawn from the uncontradicted evidence of falling income and shrinking staff was that the business would have ceased operation very soon even had the decision to close down been rescinded, and that appellee would have been without the pay he sought to recover in this suit. We find, therefore, that this is that rare case contemplated by OCGA § 9-11-52 (a) in which the findings of a trial judge are to be set aside as clearly erroneous.

4. Finally, appellant contends that the award of litigation expenses under OCGA § 13-6-11 was erroneous because there was no finding of bad faith. In fact, the trial court's findings from the bench were that both sides were responsible for the conflict among the brothers and shareholders and that appellant could have done legally what he did illegally but for the fact that he did not know how. We agree with appellant that the trial court did not find bad faith or any other basis for an award of attorney fees. That being so, the award of expenses of litigation must fall.

In summary, we affirm the trial court's judgment with regard to the illegality of the stock transfer and the firing of appellee, but we reverse the judgment with regard to the award of back pay and expenses of litigation.

*Judgment affirmed in part and reversed in part. Clarke, C. J., Bell, P. J., Hunt, Fletcher and Sears-Collins, JJ., concur.*

DECIDED SEPTEMBER 11, 1992.

*Moore & Rogers; William R. Johnson, G. Phillip Beggs,* for appellants.
*McVay & Stubbs, Robert M. Dyer,* for appellee.