## S95A1508. WALKER v. WALKER et al.
(467 SE2d 583)

BENHAM, Chief Justice.

Shirley Marie Walker (hereinafter "appellee") filed an action to quiet title to a specified parcel of land and for statutory partitioning of that property. In her complaint, she named the living siblings of her late husband as co-tenants, but sought to exclude from that class the offspring of her late husband's siblings who predeceased their mother. After special master proceedings were concluded, the trial court appointed commissioners to sell the property and set forth the proportions by which the co-tenants, including the offspring of appellee's late husband's deceased siblings, were to share the proceeds. That order also provided that appellee's attorney fees and her expenses in having the property surveyed were to be paid out of the common fund before distribution. Aaron Walker (hereinafter "appellant"), appellee's late husband's brother and one of the co-tenants, appeals from the portion of the judgment providing for the payment of attorney fees and survey costs out of the common fund.

1. It is a general rule that an award of attorney fees and expenses of litigation is proper only where provided for by statute or contract. See *Glynn County Fed. Employees Credit Union v. Peagler*, 256 Ga. 342, 344 (3) (348 SE2d 628) (1986). Neither the statutes providing for quia timet against all the world (OCGA § 23-3-60 et seq.) nor the statutes providing for statutory partitioning (OCGA § 44-6-160 et seq.) provide specifically for attorney fees or the plaintiff's expenses to be taxed against the common fund. Our research has revealed no basis for the award of fees and expenses in the context of a statutory partitioning proceeding, so we conclude that the award is not sustainable if this case is considered one at law.

2. An award of attorney fees from a common fund can be made under proper circumstances in equity cases:

"As a general rule, in the absence of statutory authority, a court of equity cannot under ordinary circumstances, in an

adversary proceeding, allow attorneys fees to the prevailing party . . . There is a generally recognized exception to this rule, and that is: a court of equity in its discretion may, by order, allow counsel fees to a party who at his own expense has maintained a successful suit for the protection or increase of common property or a common fund." [Cit.]

*Alford v. C & S Nat. Bank*, 237 Ga. 194, 197-198 (226 SE2d 905) (1976). This case began as an action for a bill quia timet, which although a statutory action, is an action in equity. OCGA § 23-3-40. The trial court in this case invoked its equitable powers and specifically based the award of attorney fees on a finding that appellee initiated the action for the benefit of all the co-tenants.

The record of this case, however, does not support the trial court's finding that appellee initiated this case for the common good of all the co-tenants: appellee specifically sought in her petition to exclude from the class of co-tenants the five children of her late husband's deceased siblings and suggested in a memorandum of law supporting her claim for attorney fees that appellant should bear a greater burden of the expenses of the action because he had lived on the property without paying rent and should be liable to the other co-tenants for rent. At least as to appellant and the five offspring of appellee's late husband's deceased siblings, it is patent that this action was not brought for the benefit of all the co-tenants. Considering that appellee sought to exclude some co-tenants and that the co-tenants opposing the exclusion sought by appellee prevailed on that issue, the trial court's finding that appellee initiated this case for the benefit of all co-tenants was clearly erroneous. That being so, it is subject to being set aside. See, e.g., *Davis v. Davis*, 262 Ga. 420 (3) (419 SE2d 913) (1992). The effect of setting aside that finding is to take this case out of that class of cases in which an allowance of attorney fees out of the common fund is proper. *Nixon v. Nixon*, 197 Ga. 426, 430 (29 SE2d 613) (1944).

There being no sustainable basis in either law or equity for the trial court's award of attorney fees and expenses out of the common fund, that portion of the trial court's judgment must be reversed.

*Judgment reversed. All the Justices concur, except Fletcher, P. J., and Carley, J., who concur specially, and Sears, J., who concurs in the judgment only.*

FLETCHER, Presiding Justice, concurring specially.

This case began as one for statutory partitioning brought under OCGA § 44-6-160 and to quiet title under OCGA § 23-3-60. Because neither statutory procedure provides for the payment of fees out of a common fund, except in limited circumstances not relevant here, I

concur in Division 1.[1] I cannot agree with the analysis of Division 2 because I believe that the trial court erred in considering this case as one in equity and we should reverse the trial court on this basis alone.

The most rational explanation for the trial court's award of attorney's and surveyor's fees out of the common fund is that the court treated the case as one for equitable partitioning under OCGA § 44-6-140. Under § 44-6-140, attorney fees may be charged out of a common fund under appropriate circumstances.[2] Nothing, however, in this case transformed this action brought under § 44-6-160 into an action for equitable partitioning under § 44-6-140.[3]

Nor does the fact that the action began as a quia timet action under the Quiet Title Act of 1966, OCGA § 23-3-60 et seq., authorize the trial court to convert the action to a "conventional" quia timet action under OCGA § 23-3-40.[4] Even if such a conversion were possible, the statutory procedures under § 23-3-40 do not authorize an award of attorney fees.[5] Indeed, rarely, if ever, would a conventional quia timet action generate a common fund out of which to award attorney fees.

Finally, the decision in *Alford v. C & S Nat. Bank*[6] did not authorize the trial court to consider equitable principles to award attorney fees out of the common fund. In *Alford,* the court disallowed an award of fees in a will contest between the widow and beneficiaries of a trust established by the will. The quotation from *Alford* that the majority relies upon is itself a quotation from *Ewing v. First Nat. Bank.*[7] *Ewing* more fully explains that the "generally recognized exception" allowing the court to award fees from a common property or to require proportional contribution applies in actions brought to protect the beneficiaries of a trust.[8] The majority stretches this exception too far by suggesting that a trial court may consider an award of attorney fees whenever the trial court applies equitable principles, regardless of the absence of statutory authority for such an award.

I am authorized to state that Justice Carley joins in this special concurrence.

---

[1] See *Neal v. Neal,* 140 Ga. 734 (79 SE 849) (1913) (in a statutory partition action, attorney fees could not be paid from the common fund).

[2] *Werner v. Werner,* 196 Ga. 1 (25 SE2d 676) (1943).

[3] The distinction between law and equity is still viable in the separate forms of action for partitioning land. *Burnham v. Lynn,* 235 Ga. 207 (219 SE2d 111) (1975).

[4] An action under OCGA § 23-3-40 may be brought only by one in actual possession. The plaintiff here did not allege she held possession; nor did she allege any facts that would allow an exception to this general rule. See *Hale v. Turner,* 183 Ga. 593, 595-596 (189 SE 10) (1936).

[5] See OCGA § 23-3-41 (authorizing taxing of costs only).

[6] 237 Ga. 194 (226 SE2d 905) (1976).

[7] 209 Ga. 932 (76 SE2d 791) (1953).

[8] Id. at 934.

DECIDED MARCH 15, 1996.

*Adams & Adams, Owen J. Adams,* for appellant.
*Walker L. Chandler,* for appellees.

