### S04A1246. CHANEY et al. v. UPCHURCH.
(603 SE2d 255)

THOMPSON, Justice.

This is an appeal from a judgment ordering the equitable partition of a 101.7 acre tract of land in Harris County, Georgia. The property has passed through inheritance, intestacy, and acquisition to Arnelia Chaney and other individual members of the Chaney family, appellants herein. In December 2000, approximately 20 members of the Chaney family owned individual undivided interests in the property as tenants in common. At about that time, appellee Harold Upchurch began buying interests from various Chaney family members. As of July 2003, approximately 14 members of the Chaney family still owned interests in the property, ranging from 15 percent to .15 percent;[1] and Upchurch had acquired 43 percent of the property as a tenant in common with them. The remaining Chaney family members refused to sell any more of their interests in the land.

Upchurch filed a complaint for partition in equity pursuant to OCGA § 44-6-140 et seq., seeking a public sale and division of the proceeds in proportion to the respective interests of the parties. The Chaneys counterclaimed for statutory partition, seeking to have the property divided by metes and bounds under the provisions of OCGA § 44-6-160 et seq.

A survey of the property was prepared. The surveyor testified at an evidentiary hearing that the property is zoned agricultural; the Harris County zoning ordinance requires that subdivisions in this zone contain lots at least five acres in size with a minimum of 50 feet of frontage on a public road; that a portion of the property is accessed by an unpaved road which does not qualify as a county road (the survey established that only approximately 450 feet fronts on a public road); and approximately 25 acres is included in a 100-year flood zone. The surveyor concluded that a plat dividing the property by metes and bounds in accordance with the percentages of ownership would not be approved by the county because it would result in substandard lots and inadequate road frontage. The Chaneys voiced no objection and offered no expert evidence to counter this testimony.

---

[1] Some of the cotenants in the Chaney family are unknown because of repeated intestate succession.

After finding that a division of the property would not adequately protect the interests of the owners of the smallest shares, would not satisfy the minimum standards of the Harris County zoning classification, and would result in lots without value, the trial court concluded that a remedy at law is insufficient and ordered equitable partition.

1. It is asserted that the trial court erred in ordering equitable, rather than statutory, partition.

While statutory partitioning "is the rule, and should be followed if it can be done without pecuniary damage," *Anderson v. Anderson*, 27 Ga. App. 513, 515 (108 SE 907) (1921), a sale of the land may be ordered if the trial court finds "(1) that partition in kind cannot be conveniently made, and (2) that the interest of the parties owning the land will be promoted by a sale." Id. Both prongs of that test were satisfied here. The Chaneys acknowledge that the parties could not agree on where the property line should be drawn and whether Upchurch was entitled to additional property to compensate him for the flood zone. The expert opined that it would be impossible to divide the property in a manner which would enable each cotenant to comply with the zoning requirements.

Under similar circumstances, the Court in *Taylor v. Sharpe*, 221 Ga. 282 (1) (144 SE2d 390) (1965) determined that equitable partition was appropriate where "[t]here was a complexity of interests by the cotenants who were residents and nonresidents of the state." In the case now before the Court, the trial court concluded that division in kind would result in fractional owners with devalued property. Under these peculiar circumstances, we agree that a remedy at law was inadequate and that the proceeding in equity was more just and equitable. See *Larimer v. Larimer*, 249 Ga. 500 (292 SE2d 71) (1982); *Anderson*, supra at 515 (3).

2. As OCGA § 44-6-166.1 is "a statutory remedy which is part of a partitioning at law," *Cheeves v. Lacksen*, 273 Ga. 549, 551 (2) (544 SE2d 425) (2001), the trial court did not err in failing to follow its procedures. We note that the concept of equitable partitioning encompasses the need for flexibility in fashioning a remedy. See *Taylor*, 221 Ga. at 284; *Borum v. Deese*, 196 Ga. 292 (26 SE2d 538) (1943); *Liddell v. Johnson*, 213 Ga. 752 (1) (101 SE2d 755) (1958).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 27, 2004 —
RECONSIDERATION DENIED OCTOBER 25, 2004.

*Jesse L. Young*, for appellants.

*Funderburk, Day & Lane, Bradford C. Dodds, Meacham, Early & Jones, Thomas M. Jones*, for appellee.

