## S06A1118. UPCHURCH v. CHANEY et al.
(635 SE2d 124)

SEARS, Chief Justice.

After Harold Upchurch submitted the successful bid at a judicial sale, the receiver who conducted the sale moved the trial court to confirm it. The trial court refused to confirm the sale, however, stating that the appellees' confusion regarding the acceptable method of payment at the judicial sale rendered the sale invalid. Upchurch appeals. Because the evidence shows that the sale was properly and fairly held, and that any purported confusion resulted from the appellees' own failure to adequately prepare for the sale, and did not affect the results of the sale, the trial court abused its discretion by refusing to confirm it. Accordingly, we reverse.

When this matter appeared before this Court previously, we affirmed the trial court's decision to order an equitable partition and judicial sale of the disputed property.[1] After being properly advertised in the county's legal organ,[2] the judicial sale was conducted on the Harris County courthouse steps on August 2, 2005, the first Tuesday of the month.[3] The receiver announced the terms of the sale, and that the winning bid could be submitted by cash, cashier's check, or certified check, but not by personal check. Appellees voiced no objection at that time. The appellees' highest bid was $241,000. Upchurch submitted the ultimately successful bid of $245,000, which he paid by a cashier's check that had been issued by a local bank insured by the Federal Deposit Insurance Corporation.

The receiver then filed a motion to confirm the sale. In spite of the fact that the sale complied with the statutory requirements for a judicial sale,[4] the appellees objected, claiming that they believed that the trial court's order that the sale be conducted "for cash" meant that only hard currency, rather than a cashier's check, would be acceptable as payment. The trial court ordered that the sale be set aside.[5]

If the appellees suffered from any confusion concerning the sale, however, it resulted from their own failure to adequately prepare for the sale. The trial court's order that the sale would be conducted "for cash" was plainly meant to distinguish the sale from one conducted "for credit," not to require the successful bidder to tender actual hard currency.[6] OCGA § 9-13-166 plainly states that the winning bid in a

---

[1] *Chaney v. Upchurch*, 278 Ga. 515 (603 SE2d 255) (2004).

[2] OCGA § 9-13-140 (a).

[3] OCGA § 9-13-161 (a).

[4] OCGA § 9-13-140 et seq.

[5] OCGA § 9-13-172.

[6] See, e.g., *McLendon v. Harrell*, 67 Ga. 440, 443 (1881) ("cash, not credit, is that which the law requires [the Sheriff] to exact from every bidder.").

"for cash" judicial sale can be tendered by cash, certified check, or cashier's check. The important feature of a "for cash" judicial sale is not the tender of actual hard currency, but rather the tender of immediately available funds instead of the mere promise of future payment. The cashier's check tendered by Upchurch, as distinguished from an unacceptable personal check, reflected the fact that Upchurch had sufficient funds immediately available to cover the payment.

The plain purpose of OCGA § 9-13-166, then, is to recognize the obvious impracticality of forcing a bidder in a "for cash" sale to tender a briefcase full of money on the courthouse steps. In this context, the cashier's check tendered by Upchurch was the statutory and functional equivalent of a cash payment. Because of the plain language and purpose of OCGA § 9-13-166, the appellees should have suffered from no confusion.

Moreover, the appellees' own statements show that they were not harmed by their alleged confusion regarding the method of payment. At the motion to confirm the sale, appellees testified that they did not have any more cash available than their highest bid of $241,000.[7] Thus, they could not have obtained a cashier's check for any more than that amount, and any confusion regarding the appropriate method of payment made no difference in the outcome of the sale.

Because the judicial sale was properly conducted, and the appellees' alleged confusion resulted from their own failure to diligently prepare for the sale and, in any event, had no effect on the sale, the trial court abused its discretion in refusing to confirm the sale. Accordingly, we reverse.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 18, 2006.

*Funderburk, Day & Lane, Bradford C. Dodds*, for appellant.
*Jesse L. Young, Meacham, Earley & Jones, Karen D. Earley*, for appellees.

---

[7] Interestingly, appellees also testified at the hearing that they brought no cash to the sale, in spite of the fact that they submitted a high bid of $241,000 while purportedly believing that only cash would be an acceptable form of payment.