### S10A0673. O'CONNOR v. BIELSKI et al.
#### (701 SE2d 856)

HUNSTEIN, Chief Justice.

Appellee Dennis Bielski filed a complaint for equitable partition as to an 8.54-acre property in Walker County (the "Round Pond property") he owned jointly with his former fiancée, appellant Janet Lee O'Connor. Bielski and O'Connor had purchased the Round Pond property using proceeds from the sale of another jointly-owned property (the "Rosewood property"), which the parties had purchased by pooling assets each owned individually. After the parties broke off their engagement and ceased cohabiting on the Round Pond property, Bielski filed his complaint, seeking the appointment of a special commissioner to oversee the sale of the property and conduct an accounting of the profits, rents, and use thereof. A special commissioner was appointed, who conducted an accounting and issued a recommendation to the court as to the disposition of proceeds from the eventual sale of the property. The property was

thereafter sold and the proceeds deposited into the court's registry pending final resolution of the matter.

Following a bench trial at which both parties and the special commissioner testified, the trial court entered its final order, finding that the parties were each entitled to one-half of the approximately $246,000 in sale proceeds from the Round Pond property, with certain adjustments. Specifically, the court directed that O'Connor's share be reduced (and Bielski's share correspondingly increased) by various amounts representing, inter alia, rent owed by O'Connor; O'Connor's share of miscellaneous expenses incurred in connection with the property's sale; and attorney fees in the amount of $4,000. In addition, the court ordered O'Connor to pay the sum of $10,486 to appellee Charles Clements, Jr., O'Connor's initial attorney in the matter, who had obtained a security deed on the Round Pond property to secure his legal fees.[1] After payment of the foregoing expenses and other costs including the special commissioner's fee, the court awarded O'Connor the sum of $105,596.15 and Bielski the sum of $128,597.14.

1. " 'Equitable relief is generally a matter within the sound discretion of the trial court . . . [and] should be sustained on review where such discretion has not been abused. (Cit.)' [Cit.]" *Bruce v. Wallis,* 274 Ga. 529, 531 (1) (556 SE2d 124) (2001). "The findings of fact on which a court relies in fashioning [an equitable] remedy will not be disturbed unless clearly erroneous. [Cit.]" *Menzies v. Hall,* 281 Ga. 223, 225 (2) (637 SE2d 415) (2006). As noted above, the trial court divided the property's proceeds equally between the parties, before making adjustments for money owed between them. This result was supported by evidence that the parties had invested roughly equal amounts of their separately owned assets in their joint purchase of the Rosewood property, the sale of which yielded the proceeds used to purchase the Round Pond property. Though O'Connor complains of the trial court's failure to apportion a bank account held in Bielski's name containing the remaining cash from the sale of the Rosewood property, absent a counterclaim with respect thereto, that account was not the subject of this partition action, and the trial court thus had no authority to order its division. Compare *Hughes v. Hughes,* 193 Ga. App. 72 (387 SE2d 29) (1989) (equitable partition action involving counterclaim for conversion of personal property). Moreover, insofar as the existence of such funds may have affected the equities of dividing the proceeds from the

---

[1] Clements had been joined as a party to the action after he, seeking payment on the past due legal fees, initiated foreclosure proceedings on the property. Clements thereafter agreed, at a hearing convened to address the threatened foreclosure, to refrain from proceeding thereon pending resolution of the partition action.

Round Pond property, there was conflicting evidence presented as to how much money O'Connor had already received from that account, and we must defer to the trial court's findings in this regard. See generally *Smith v. Smith*, 206 Ga. 461, 470 (6) (57 SE2d 611) (1950) (trial court is "proper tribunal for deciding as to the credibility of the witnesses"). Given the evidence presented, we find neither clear error in any of the court's factual findings nor any abuse of discretion in the manner in which the trial court divided the property's proceeds.

2. O'Connor contends that the trial court erred in ordering her to pay Bielski $4,000 in attorney fees. We agree. Trial courts are generally authorized to award attorney fees only as provided by statute or contract. *Walker v. Walker*, 266 Ga. 414 (1) (467 SE2d 583) (1996). While we have recognized a narrow exception to this rule, whereby a court of equity may award attorney fees "to a party who at his own expense has maintained a successful suit for the protection or increase of common property or a common fund," (citations and punctuation omitted) id. at 415 (2), this exception applies only where

> the proceedings [are] deemed to have been conducted entirely for the common benefit of all. Such an allowance will not be made in favor of one or more of the parties who in good faith interpose a real contest against other parties to the partition action, which is of a substantial nature.
>
> . . .
>
> The rule rests upon the premise that where one litigant has borne the burden of litigation which others did not undertake, but which has inured to their benefit as well as his own, those who share in the benefits or fruits of his efforts should ratably share the expenses.

(Citations and punctuation omitted.) *Nixon v. Nixon*, 197 Ga. 426, 429-430 (1) (29 SE2d 613) (1944). Accord *Walker*, supra at 414-415 (2) (trial court in partition action erred in awarding attorney fees to party seeking to advance interests adverse to other co-tenants). See also *Ewing v. First Nat. Bank of Atlanta*, 209 Ga. 932, 934 (76 SE2d 791) (1953) (attorney fees may be awarded from common fund where "'many persons have a common interest in a trust property or fund, and one of them, for the benefit of all and at his own cost and expense, brings suit for its preservation or administration'").[2] Given

---

[2] To the extent *Taylor v. Sharpe*, 221 Ga. 282 (144 SE2d 390) (1965) can be read as allowing an award of attorney fees in a partition action to parties not seeking a common benefit, see id. at 284 (2), it is hereby disapproved.

that Bielski's position in the partition action was directly adverse to that of O'Connor and that in initiating the action he sought neither to preserve nor enhance their common property, he was not entitled to an award of attorney fees. See *Walker*, supra at 414-415 (2); *Nixon*, supra at 431 (no common benefit where partition proceeding merely served to effectuate sale of jointly owned property and division of proceeds). Moreover, even if Bielski had been eligible for an award of attorney fees under the above exception, the trial court would still have erred insofar as it awarded the fees entirely from O'Connor's share of the proceeds rather than "off the top" of the parties' common fund before its division. See *Werner v. Werner*, 196 Ga. 1, 1 (25 SE2d 676) (1943) (trial court in equitable partition proceeding may, "where the circumstances justify it, . . . allow compensation for the plaintiff's counsel, as a charge *against the fund arising from the sale of the land partitioned*" (emphasis supplied)).[3]

3. The trial court and all the parties, including O'Connor through her counsel, acknowledged Clements' status as a party in the case. In fact, as the holder of a security deed on the Round Pond property, Clements was a necessary party to the partition action. See Daniel F. Hinkel, Pindar's Georgia Real Estate Law and Procedure, § 7-104, p. 382 (5th ed.) ("[t]he holder of an outstanding security deed on the property [subject to partition] is also a necessary party, and the case cannot proceed in his absence"). Contrary to O'Connor's contention, the trial court did not make an award of attorney fees to Clements but rather merely ordered satisfaction of the security deed, the existence and validity of which O'Connor has not sought to contest.[4] Thus, the trial court did not err by awarding Clements the amount owed under the security deed.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED NOVEMBER 1, 2010.

*Larry B. Hill*, for appellant.

---

[3] Insofar as Bielski seeks to justify the fee award by reference to O'Connor's allegedly dilatory conduct during the litigation, we cannot sustain the award on such grounds given that the trial court made no findings so as to justify an award under OCGA § 9-15-14. See *Cason v. Cason*, 281 Ga. 296, 300 (2) (637 SE2d 716) (2006) ("[a]n order awarding attorney fees under OCGA § 9-15-14 must include findings of conduct that authorize the award").

[4] Though O'Connor argues that the principal amount of the security deed was an unreasonable fee given the work Clements performed for her, she has never denied that she did in fact sign it. Any grievances O'Connor may have against Clements arising from their former attorney-client relationship are not at issue in this action.

*Clements & Clements, Charles Clements, Jr., William P. Slack,* for appellee.