**SECOND DIVISION**
**MILLER, P. J.,**
**ANDREWS and SELF, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 22, 2018**

# In the Court of Appeals of Georgia

A18A0236. KHIMANI v. RUPPENTHAL.

ANDREWS, Judge.

Bob Ruppenthal, administrator of the estate of Salim Khimani ("Salim"), petitioned for statutory partition of real property owned jointly by Salim, his brother Mohammad Khimani ("Mohammad"), and his brother-in-law Sikandar Nathani ("Sikandar"). Mohammad counterclaimed for equitable partition and an accounting, asserting that he was entitled to contribution and set-off for significant sums he had paid to maintain the property. Ruppenthal moved for summary judgment on the contribution claim. The trial court granted the motion in part, and Mohammad appeals. For reasons that follow, we reverse.

On appeal from the grant of summary judgment, we review the record de novo "to determine whether there is a genuine issue of material fact and whether the

undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Jones v. Kirk*, 290 Ga. 220, 221 (719 SE2d 428) (2011) (citation omitted). So viewed, the record shows that Mohammad, Salim, and Sikandar acquired the property as tenants-in-common on February 12, 1998. In 2001, the three men granted First Georgia Community Bank a security interest in the property to secure a construction loan. Mohammad paid off the outstanding indebtedness in 2007 using funds received through a personal loan that he obtained from a different bank. He also satisfied taxes owed on the property for multiple years.

Salim subsequently died, and in 2015, Ruppenthal, as executor of Salim's estate, filed a Complaint for Statutory Partition of the property. Claiming that Salim, Mohammad, and Sikandar each held a one-third share, Ruppenthal requested that the property be sold and the sale proceeds distributed between the parties "in accord with their relative interests." Mohammad counterclaimed for an equitable partition and accounting, asserting that he was entitled to an increased share as a set-off from his cotenants, given the money he spent on behalf of the property.

Ruppenthal moved for summary judgment as to expenditures made more than four years prior to 2015, when Mohammad filed his counterclaim. According to Ruppenthal, any claim for such amounts, including the loan satisfaction in 2007,

subsequent interest payments on the personal loan Mohammad took out to satisfy the construction loan on the property, and tax payments made through 2011, was barred by the four-year limitation period in OCGA § 9-3-25. The trial court granted the motion, and Mohammad appeals.[1]

Pursuant to OCGA § 9-3-25, "[a]ll actions upon open account, or for the breach of any contract not under the hand of the party sought to be charged, or upon any implied promise or undertaking shall be brought within four years after the right of action accrues." This limitation period applies to contribution claims by an obligor who pays off a common debt and creates an "implied contract on [the] part [of a co-obligor] to bear his share of the common burden." *Powell v. Powell*, 171 Ga. 840, 840 (156 SE 677) (1931); see also *Sherling v. Long*, 122 Ga. 797, 799 (50 SE 935) (1905) ("The period of limitation to an action for contribution is that fixed for an implied contract."). The cause of action for contribution generally accrues – and the four-year statute of limitation commences – upon payment of the joint debt. See *Powell*, supra; *Sherling*, supra.

---

[1] The trial court denied Ruppenthal's motion to the extent it sought summary judgment regarding property tax payments made within four years of 2015. That ruling is not at issue in this appeal.

3

Citing these principals, the trial court found that OCGA § 9-3-25 precluded Mohammad's claim for expenditures made over four years before he filed his counterclaim. This case, however, does not merely involve an implied promise to pay. Mohammad sought an equitable partition of real property and an accounting of the joint tenants' interests. See OCGA § 44-6-140 ("Equity has jurisdiction in cases of partition whenever the remedy at law is insufficient or peculiar circumstances render the proceeding in equity more suitable and just."). A court resolving such equitable claim has "the authority to adjust the accounts or claims of the cotenants" based on payments made to protect the property. *Taylor v. Sharpe*, 221 Ga. 282, 284 (1) (144 SE2d 390) (1965), disapproved of on other grounds by *O'Connor v. Bielski*, 288 Ga. 81, 83 n. 2 (2) (701 SE2d 856) (2010). In other words, the court may "make necessary and equitable adjustments for improvements and expenditures made and paid for by the respective parties." *Borum v. Deese*, 196 Ga. 292, 295 (1) (26 SE2d 538) (1943).

Nothing in the statutory scheme governing equitable partition limits these adjustments to payments made within four years of the request. See *Ransom v. Holman*, 279 Ga. 63, 64 (1) (608 SE2d 600) (2005) (trial court properly exercised equity jurisdiction over cotenant's petition for partition and accounting, which included claim that cotenant had paid all taxes and maintenance costs relating to the

4

property since 1980). Rather, the court must "mold its decree to meet the general justice and equity of each cotenant." OCGA § 44-6-141. The trial court's ruling does not address the equities here.

Moreover, under OCGA § 44-6-122, if one party receives more than his fair share of the rents or profits from jointly owned property, he is liable to his cotenants for the overage. This liability creates an equitable lien in favor of the cotenants against the profiting party's property interest. See *Bank of Tupelo v. Collier*, 191 Ga. 852, 856 (2) (14 SE2d 59) (1941). The limitation period for recovering such overage does not commence until the profiting party "begins to hold such surplus adversely to the cotenant[s], and knowledge of that fact comes to the cotenant[s]." *Chambers v. Schall*, 209 Ga. 18, 22 (4) (70 SE2d 463) (1952). Thus,

> [i]n an equitable action for the partition of land and for an accounting, the defense of laches raised by general demurrer is not well taken when the pleaded facts show that the plaintiff, upon being informed that the defendant, her cotenant, was asserting title to the property and refused to account for the rents and profits, promptly instituted her action for partition and accounting.

*Ballenger v. Houston*, 207 Ga. 438, 440-441 (62 SE2d 189) (1950).

5

Mohammad does not claim that, at this point, Salim or his estate has received an unfair share of rent or profits from the joint property. Our Supreme Court, however, has applied the principles governing rent and profit "in favor of a tenant in common who has expended money for the protection of the joint property by the payment of taxes." *Collier v. Bank of Tupelo*, 190 Ga. 598, 601 (3) (10 SE2d 62) (1940). As the Court explained, a cotenant who pays such taxes "is entitled to a lien against the interest of his cotenant for his share of the taxes paid." *Bank of Tupelo*, supra, 191 Ga. at 856 (2).

In Ruppenthal's complaint, the estate asserted a full one-third interest in the property and sale proceeds, despite the significant sums Mohammad personally expended on behalf of the property in loan and tax payments. Mohammed timely responded, raising his claim for contribution and set-off. Given these circumstances, as well as the requirement that any equitable partition ruling meet the equities of each cotenant, we find that the limitation period on Mohammad's contribution request did not commence until 2015, when Ruppenthal filed the estate's complaint. See OCGA § 44-6-141; *Bank of Tupelo*, supra; *Collier*, supra. Accordingly, even if the four-year statute of limitation in OCGA § 9-3-25 applies, Mohammad's claim is not barred, and the trial court erred in granting summary judgment to the estate.

6

*Judgment reversed. Miller, P. J., and Self, J., concur.*