**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**March 4, 2026**

# In the Court of Appeals of Georgia

A25A1960. MICHAEL v. DESTA.

McFADDEN, Presiding Judge.

This is an appeal from an order directing the partition of property in which appellant Yonathan Michael and appellee Bethlehem Desta both have interests as tenants in common. Michael argues that the trial court erred in adjusting the parties' accounts when considering the partitioning of the property. We hold that Michael has not shown that the trial court abused his broad discretion. So we affirm.

1. *Background*

Because this appeal arises from a ruling after a bench trial, "we view the evidence in the light most favorable to the trial court's rulings, defer to the trial court's credibility judgments, and will not set aside the trial court's factual findings

unless they are clearly erroneous." *Smith v. Northside Hosp.*, 302 Ga. 517, 520 (807 SE2d 909) (2017) (citation and punctuation omitted). The trial court has broad discretion in making an award on an equitable partition claim, and we review the court's ruling for an abuse of that discretion. *Bagwell v. Trammel*, 297 Ga. 873, 878-79 (3) (778 SE2d 173) (2015). See also OCGA § 44-6-140 (authorizing equitable partition "whenever the remedy at law is insufficient or peculiar circumstances render the proceeding in equity more suitable and just"); OCGA § 44-6-141 (court in equitable partition proceeding must "mold its decree to meet the general justice and equity of each cotenant").

So viewed, the evidence shows that the parties were in a romantic relationship during which they purchased two properties, a townhouse, which they later sold, and the house that is the subject of the partition proceeding.

In 2019, they purchased the townhouse for $135,000. Michael paid the down payment of $9,486. Desta paid $1,350 in earnest money. Desta, a real estate agent, alone engaged in the process of purchasing the townhouse. The process was complicated because the property was a foreclosure involving the Department of Housing and Urban Development.

The title and $128,250 mortgage were solely in Desta's name because an issue with Michael's previous business affected his ability to get financing. Desta testified that although she was the only person listed on the title, the parties intended to own the property equally because they intended to get married.

The parties established a joint bank account to pay their living expenses, including the mortgage on the townhouse. They commingled their funds in the account, each depositing their income, although Michael earned more money than Desta.

The parties made at least $50,000 worth of renovations to the townhouse. Michael testified that he paid for the renovations; he withdrew money from his personal and business accounts, deposited the money into the joint bank account, and used that money to pay for the renovations. But Desta testified that they used her credit card to buy more than $10,000 of materials to renovate the townhouse, although Michael made payments on that card; that she paid some contractor expenses; that she oversaw the renovations; and that they shared the expenses jointly. The trial court found that the renovations were paid for from the funds in the joint bank account.

Michael and Desta sold the townhouse in 2022, netting $140,137. Desta deposited the proceeds check — which was issued solely in her name — into the parties' joint bank account.

In the meantime, in 2021, the parties purchased a house for $515,100, which they own as joint tenants in common and which is the subject of the petition for partition. The source of the funds for the $109,461 down payment was a gift to Michael from his father. Desta paid $3,000 for the earnest money deposit. She testified that they shared the expenses for the property jointly and that the parties intended to own the property equally, given their plans to marry.

The parties ended their relationship in 2022. Around the time their relationship was ending, Michael transferred the proceeds from the joint bank account into an individual bank account. Other than $9,800 that was used to pay off Desta's car, she received no funds from the proceeds of the sale of the townhouse.

In April 2023, Michael filed this petition for partition of the parties' interests in the house.[1] As of June 1, 2024, the equity in the house was $169,723. Michael intends to remain in the property.

Desta filed an answer and counterclaim, seeking partition and asserting claims of conversion and trover related to the funds from the sale of the townhouse deposited into the parties' joint bank account.

"In ruling on a claim for an equitable partition, a trial court has broad discretion to consider all of the circumstances that make a proceeding in equity more suitable and just, including the need to adjust the accounts or claims of the co-tenants." *Bagwell*, 297 Ga. at 877 (3). The court conducted a bench trial, and in his final order, the court adjusted the parties' claims as follows.

---

[1] Michael filed a petition for a statutory partition under OCGA § 44-6-160 et seq., but he alleged that he sought equitable partition. The trial court treated the petition as one for equitable partition under OCGA § 44-6-140 et seq. "[B]ecause the Civil Practice Act provides for 'one form of action,' OCGA § 9–11–2, if the petition states a claim for either equitable or statutory partitioning, a court having the requisite jurisdiction and venue is authorized to proceed with a just and prompt determination of the action, regardless of whether the true nature of the partition is equitable or statutory." *Pack v. Mahan*, 294 Ga. 496, 499 (755 SE2d 126) (2014). Michael does not argue that the trial court erred in treating the petition as one for equitable partition.

The court subtracted from the $169,723 equity in the house the $109,461 gift from Michael's father for the down payment, leaving a total of $60,261 of equity to be allocated to the parties and divided that $60,261 by two, equaling $30,130.

Then the court determined that $60,268 should be added to Desta's share of the equity for a total of $90,399. The court reached the $60,268 figure by first dividing the net proceeds from the sale of the townhouse by two, which equals $70,068, and then subtracting from that amount the $9,800 that was used to pay off Desta's car.

The court held that upon Michael's payment to Desta of $90,399, Michael would be entitled to exclusive ownership, use, and possession of the property. The court held that if Michael is unable to make that payment within six months, then the property would be sold. In that case, Michael would be entitled to the first $119,261 of the proceeds (which equals the amount of the father's gift plus the amount used to pay off Desta's car), with the remaining proceeds to be split equally between the parties. The court dismissed Desta's counterclaims for conversion, trover, and punitive damages, to the extent those claims were not addressed in the remainder of the order.

Michael filed this appeal from the trial court's order.

2. *The joint bank account*

Michael argues that the trial court erred by treating the parties as a married couple for purposes of adjusting their interests in the joint bank account. Instead, Michael argues, the trial court should have applied OCGA § 7-1-812 (a) to assess each party's interest in the account. That statute provides: "A joint account belongs, during the lifetime of all parties, to the parties in proportion to the net contributions by each to the sums on deposit, unless there is clear and convincing evidence of a different intent." Michael fails to point to any place in the record where he argued to the trial court that the court should apply OCGA § 7-1-812 (a). So this issue was not preserved for appeal. See *City of Atlanta v. Hofrichter*, 291 Ga. App. 883, 891 (5) (663 SE2d 379) (2008) ("Where enumerated errors on appeal attempt to raise for the first time questions not raised in the trial court, they present nothing for decision.") (citation and punctuation omitted); see also Court of Appeals Rule 25 (d) (1) (i).

In any case, the trial court never stated that he was treating the parties as a married couple. Rather, he seemed to compare the parties' relationship to that of a married couple as a factor in determining their intent regarding the joint account, in which they had commingled their funds and which they used for all of their finances.

7

He noted that Desta had not received any of the proceeds from the sale of the townhouse, other than the payoff of her car.

In a proceeding for equitable petition, the court may "make necessary and equitable adjustments for improvements and expenditures made and paid for by the respective parties." *Borum v. Deese*, 196 Ga. 292, 295 (1) (26 SE2d 538) (1943). "[T]he concept of equitable partitioning encompasses the need for flexibility in fashioning a remedy." *Chaney v. Upchurch*, 278 Ga. 515, 516 (2) (603 SE2d 255) (2004). Further, "[e]quitable relief is generally a matter within the sound discretion of the trial court and should be sustained on review where such discretion has not been abused. . . . We discern no abuse of discretion by the trial court here." *Brown v. Koi Pond Crickets*, 376 Ga. App. 863, 868 (2) (921 SE2d 406) (2025) (citations and punctuation omitted).

3. *Renovations to the townhouse*

Michael argues that the trial court erred in failing to take into account his expenditures on the two properties.

He focuses on the trial court's alleged failure to credit him with the amounts he paid for the renovations of the townhouse. But the trial court did consider the

amounts paid for the renovations. In rejecting Michael's proposed adjustment of accounts, the trial court held that Michael ignored "that all of the payments made toward both residences, with the exception of the down payments, were made using the parties' joint banking account" and that he discounted Desta's "financial contributions to almost no contribution at all . . . despite their funds being commingled."

As detailed above, a trial court in an equitable partition action has broad discretion to consider all of the circumstances when adjusting the parties' accounts and claims. *Bagwell*, 297 Ga. at 877 (3). "Given the evidence presented, we find neither clear error in any of the court's factual findings nor any abuse of discretion in the manner in which the trial court divided the [parties' interests]." *O'Connor v. Bielski*, 288 Ga. 81, 83 (1) (701 SE2d 856) (2010). So we affirm.

*Judgment affirmed. Hodges and Pipkin, JJ., concur.*